[No. 3838.]

# THOMAS B. HOWARD *v.* THE CITY AND COUNTY OF SAN FRANCISCO.

LIABILITY OF MUNICIPAL CORPORATION.—At common law, and in the absence of statutory provisions, a municipal corporation is not liable for damages sustained by the negligence or the persons acting in its fire department.

LIABILITY OF SAN FRANCISCO.—The provisions of the statute under which the fire department of San Francisco is organized, do not create a liability on the part of the city for acts of negligence committed by the members of its fire department while engaged in duties pertaining to the department.

APPEAL from the District Court, Fourth Judicial District, City and County of San Francisco.

Action for damages caused to a horse and buggy by the negligence of the members of the paid fire department of San Francisco, in running the steam fire engine against the horse and buggy, while going to a fire. The plaintiff had judgment and the defendant appealed.

The statutes providing for the establishing, etc., of the paid fire department for the city and county of San Francisco, in force on the 25th April and 21st September, 1871, when the injuries were sustained, are to be found in the Statutes of 1865–6, p. 138. The officers of the paid fire department are designated and the number of men prescribed, and the machinery for their government and direction are provided by the statute.

*W. C. Burnett, City Attorney,* for the Appellant.

The city and county of San Francisco is not liable in damages for injuries of the character of those mentioned in the complaint.

(*a.*) Although a municipal corporation has power to extinguish fires; to establish a fire department; to appoint and remove its officers, and to make regulations in respect to their government, and the management of fires, it is not liable for the negligence of firemen appointed and paid by it, who, when engaged in the line of their duty, upon an

alarm of fire, ran over the plaintiff in drawing a hose-reel belonging to the city, on their way to the fire. (*Hafford* v. *City of New Bedford,* 16 Gray's R. 297; *Oliver* v. *City of Worcester,* 102 Mass. 489; *Riddle* v. *Proprietors of Locks and Canals,* 7 Mass 169, 187; *Mower* v. *Leicester,* 9 Mass. 247; *Holman* v. *Townsend,* 13. Met. 297; *Brady* v. *Lowell,* 3 Cush. 121; *Providence* v. *Clapp,* 17 How. U. S. 161, 167.)

(*b.*) A municipal corporation is not liable at common law, or in the absence of a statute giving a remedy, either for a careless or a willful destruction of property, by the members of a fire department of such corporation, although the destruction be accomplished while the firemen are engaged in the line of their duty, or for the purpose of saving other property from destruction by fire. (*Taylor et al.* v. *Plymouth,* 8 Met. 462, 465 (1844); opinion by Shaw, C. J.)

*Edward J. Pringle,* for the Respondent.

In the great mass of recent decisions which treat of the liability of public corporations, every shade of doctrine finds support. If the present question is an open one in this Court, the Court will be at no loss to determine where the best reason lies.

The many sides of the question are well considered and presented, and authorities collected in the cases of *Weightman* v. *Corporation of Washington,* 1 Black, 40; *Oliver* v. *Worcester,* 102 Mass. 499; *Eastman* v. *Meredith,* 36 N. H. 284; *Bigelow* v. *Inhabitants of Randolph,* 14 Gray, 543. And in the late case of *Jewett* v. *City of New Haven* (38 Conn. 386), in which last we ask especial attention to the able and elaborate dissenting opinion of the Chief Justice.

Admitting the general rule that municipal corporations are mere governmental instruments, formed for purposes of internal administration, we submit that they are exempt from liability only in the performance of " those duties which are imposed on all towns without their corporate assent, and exclusively for public purposes." This is the rule laid down by Metcalf, in *Bigelow* v. *Inhabitants of Randolph* (14 Gray, 543).

It is not inconsistent with the ruling in *Winbinger* v. *Los*

*Angeles*, where, indeed, the analogies suggested, in the opinion of the court, seem to point to the same limit of liability.

The great mass of New England cases cited by appellant are based upon the organization of New England towns, which, like our counties, are the creatures of general laws, without special privileges or peculiar duties. They are mere quasi-corporations, or political subdivisions.

Our municipal corporations, although public in their nature, are full and not quasi-corporations. (1 Dillon on Municipal Corporations, Sec. 10.)

In the performance of those duties which these municipal corporations assume, or are specially charged with, beyond the mere public duties common to all political organizations, they are liable for the malfeasance of their agents. According to the Chief Justice, in *Jewett* v. *City of New Haven*, the test of these special duties is "whether they are, in their nature, such as all well-ordered governments exercise generally for the good of all, and whose exercise all citizens have a right to require directly or by municipal agency, and whether they have ever been assumed or imposed as such by the government of this State, and would have been exercised by the State if it had not been by the city" (p. 389).

By this test, certainly, the fire department duties of San Francisco are not "public governmental duties."

The State has never required them of any other corporation, municipal or political. In other cities it has only provided for the organization of private corporations for protection from fire, as in Sacramento, Marysville and Stockton.

In Massachusetts, to many of whose decisions the appellant refers, the fire department is a State system, provided for by general laws, operating equally upon all towns and cities, and independent of municipal control. (See Gen. Stats. Mass., Chap. 24, Sec. 34.)

In New York the Metropolitan Fire Department is a body corporate, liable itself for the malfeasance of its employees. (*Clarissy* v. *Metropolitan Fire Department*, 7 Abb. Pr. (N. S.), 352.)

By the COURT:

1. At common law, and in the absence of statutory provisions, the defendant, as being a municipal corporation, would not be liable for the negligence complained of in this action.

2. And we are of opinion that the provisions of the statute, under which the fire department of the city and county of San Francisco is organized and controlled, do not create a liability upon the part of the city for acts of negligence committed by the officers or men of the department.

Judgment and order denying a new trial reversed and cause remanded.