THOMAS McKENNA ET UX., Appellants, *v.* CITY OF ST. LOUIS, Respondent.

December 10, 1878.

A municipal corporation cannot be held liable for damages occasioned by the carelessness or mismanagement of employees in its fire-department while in the ordinary discharge of their duties or by defectiveness or insufficiency of machinery used in extinguishing fires.

APPEAL from St. Louis Circuit Court.
*Affirmed.*

FRANK HICKS and ADDISON REESE, for appellants: The city is liable for negligence in maintaining and managing the fire-department. — *Bailey* v. *New York*, 3 Hill, 612; *Oliver* v. *Worcester*, 102 Mass. 499; *Richmond* v. *Long*, 17 Gratt. 380; *Eastman* v. *Meredith*, 36 N. H. 284; Shear. & Redf. on Neg. (1st ed.), sect. 120; *Thurston* v. *The State*, 51 Mo. 511; *Rochester Ins. Co.* v. *City of Rochester*, 3 Comst. 467; *Dayton* v. *Pease*, 4 Ohio St. 94; *Furse* v. *New York*, 3 Hill, 612; *Blake* v. *St. Louis*, 40 Mo. 569; *Hilsdorf* v. *St. Louis*, 45 Mo. 97.

LEVERETT BELL, for respondent, cited: *Fisher* v. *Boston*, 104 Mass. 87; *Hafford* v. *New Bedford*, 16 Gray, 297; *Howard* v. *San Francisco*, 51 Cal. 52; 2 Dill. on Mun. Corp., sect. 774.

LEWIS, P. J., delivered the opinion of the court.

The petition sets forth that plaintiffs are husband and wife, and were the parents of Thomas McKenna, Jr., deceased, who was of the age of nine years; that defendant is a municipal corporation, and owns and keeps in its service, by agents and servants under its control, certain steam fire-engines, hose-carriages, and other machinery, composing what is known as defendant's fire-department, and used by defendant for the purpose of arresting and extinguishing fires occurring within its corporate limits, and for the pro-

tection from fire of its property and that of the members of the corporation; that on November 18, 1875, the said Thomas McKenna, Jr., while lawfully standing on a public sidewalk near his home, was run over and instantly killed by a wheel of one of defendant's hose-carriages, and that the killing was caused by the careless, reckless, and unskilful driving and management of the said hose-carriage by defendant, through its agents, servants, and employees, in the course of their employment as such, and through the defectiveness and insufficiency of said hose-carriage, well known to defendant at the time. Plaintiffs ask judgment for $5,000 damages. The Circuit Court sustained a demurrer to the petition, on the ground that it did not state facts sufficient to constitute a cause of action.

The only question is, whether a municipal corporation can be held liable for damages occasioned by carelessness or mismanagement of employees in its fire-department while in the ordinary discharge of their duties, or by defectiveness or insufficiency of machinery used in extinguishing fires.

Municipal corporations are considered by law in two aspects. In one, their functions are chiefly ministerial, and relate to corporate interests only. These include the making and improving of streets, the construction of sewers and other improvements and keeping them in repair, the holding of property for corporate purposes, etc. But as to these matters of strictly corporate interest there are often duties to be performed of a legislative or judicial character. In the other aspect, the corporation is regarded as holding a *quasi*-delegated sovereignty for the preservation of the public peace and safety and the prevention of crime. This includes the maintenance of a police force, the appointment of officers charged with the public health, the establishing of regulations for the suppression of vice, and other matters of public concern in which all people have a common interest which it is the chief end of every good government to protect.

322    6 Missouri Appeal Reports.

It is the generally received doctrine that municipal corporations, when discharging duties and powers relating to their corporate interests and within the scope of their corporate powers, may, if certain other essential elements of liability coexist, be held answerable in damages for injuries resulting from negligence or unskilfulness of servants and agents, in like manner as private corporations or individuals. This has been illustrated by numerous cases in Missouri wherein the general rule has been practically recognized, though there have been some disagreements about the manner of its application. *Thurston* v. *City of St. Joseph*, 51 Mo. 510. But it seems to have been uniformly held, wherever the question was considered, that as to those duties and powers of a municipal corporation which are in their nature govermental and public, and growing out of the delegated sovereignty of the State for the preservation of the general welfare, and particularly where the powers delegated are coupled with a judicial or legislative discretion touching the manner of their exercise, there can be no responsibility on the corporation for the result of negligence or misfeasance of servants, officers, or agents, or for defectiveness of machinery used by them in the course of services performed under such powers. It has repeatedly been held that the establishment of a fire-department under authority given by the Legislature, and the practical application of its special purposes when established, belong to this class of powers. The cases are numerous, and the facts in some of them are so precisely like those stated in this petition that there cannot be a shadow of distinction in the principles which should control. *Hafford* v. *New Bedford*, 16 Gray, 297; *Fisher* v. *Boston*, 104 Mass. 87; *Howard* v. *San Francisco*, 51 Cal. 52; *Brinkmeyer* v. *Evansville*, 29 Ind. 187; *Wheeler* v. *Cincinnati*, 19 Ohio St. 19; *Grant* v. *Erie*, 69 Pa. St. 420.

It is argued for the plaintiffs that the privilege of maintaining a fire-department is of such local and special benefit

to the corporation and its members that it cannot be properly classed among those governmental and public powers which exclude a civil liability for negligence in their exercise. But the authorities are the other way. All the cases just cited arose upon alleged negligences or malfeasances of the employees in city fire-departments which were organized under legislative authority substantially similar to that which originated the fire-department of St. Louis. Other points are ingeniously presented in the brief for plaintiffs; but we do not find them sustained by the authorities referred to, when these are rightly understood.

The demurrer was properly sustained in this case, and the judgment is affirmed. All the judges concur.