Haight and another *v.* The Mayor and others.

*(District Court, S. D. New York. May 7, 1885.)*

Collision — Public Service — Municipal Corporation — Commissioners of Charities and Correction.

The corporation of the city of New York having been held by the state courts not liable to respond in damages for injuries to persons or property arising from the negligence of the employes of the commissioners of charities and correction while in the discharge of their separate functions, *held,* that a libel to recover damages against the city for a collision between a schooner and a steam-boat owned by the municipality, but in the exclusive use and control of the said commissioners, and while navigated by a pilot employed by the commissioners, could not be sustained, though the collision was solely through the fault of the pilot of the steamer

In Admiralty.

*Alexander & Ash,* for libelants.

*E. Henry Lacombe,* for the mayor,

Brown, J. Upon the merits of this cause I am of opinion that this collision, which occurred in the East river, between Sixty-second street and Blackwell's island, was not so far within the eddy as to make the navigation of the schooner faulty for being found within the eddy. The extent of the eddy varies with the tide; and the position and course of the schooner clearly prove, as it seems to me, that she had not gone so far within it as to be perceptibly affected by it. The steam-boat was therefore bound to keep out of her way. There was room enough for her nearer to the western shore, where she ought to have gone, and might have gone without difficulty. If the defendants were, therefore, legally responsible for the faults of the barge, the libelants would be entitled to a decree. But the steam-boat, though owned by the municipality, was not at the time, as the evidence shows, under its control, or in its service, or under the

management of any officer or employe of the corporation. It was in the exclusive service of the commissioners of charities and correction; and the pilot who was navigating her testifies that at the time of the collision he was in the employ of the commissioners of charities and correction, and had been for a long time previous.

These facts bring the case, so far as I can see, entirely within the decision in the case of *Maxmilian* v. *The Mayor*, 62 N. Y. 161, where the responsibility of the corporation for the negligent acts of persons in the employ of the department of charities and correction is discussed by FOLGER, C. J., with his usual fullness and learning; and the conclusion was there arrived at, sustained by principle and authority, that the corporation could not be held for the negligent acts of the employes of that department, because it is an independent board, over which the corporation has no control, and which does not act for the use or the benefit of the corporation in the discharge of any of its corporate functions or duties.

On this ground I am obliged to dismiss the libel, but without costs.