THOMAS WILD v. THE MAYOR AND ALDERMEN OF THE CITY OF PATERSON.

The rule which exempts a municipal corporation from liability to an individual for an injury to him resulting from negligence in the performance by the corporation of a duty owed to the public and imposed by law, applies to the case of a member of a fire department of a city, injured by negligence in the care of apparatus for extinguishing fires, maintained under the authority and direction of its charter.

On demurrer to declaration.

The action is in case. The declaration avers that the city of Paterson, under the authority and direction of its charter, maintained a fire department, of which plaintiff was a member, attached to a certain company, which used a steam fire engine; that it was the duty of the city to provide for that engine a brake and to keep it in good order and repair; that by reason of failure on the part of the city to perform this duty, plaintiff, while assisting to haul the engine to a fire was run over and seriously injured. For the injury thus received plaintiff seeks to recover damages.

A demurrer to this declaration was interposed.

Argued at June Term, 1885, before BEASLEY, CHIEF JUSTICE, and Justices DIXON and MAGIE.

For the plaintiff, *Henry & Dickinson*, and *Herbert Stout*.

I. In general, the obligations of a municipal corporation and its liabilities for its negligence or its torts are the same as those of a private corporation or individual. *Pott. on Corp.*, § 386; *Wood on M. & S.*, §§ 457, 561.

The exceptions to this rule are founded upon the ground of public policy, and exist especially in this state, when the duty for the neglect or malfeasance of which it is sought to hold the corporation liable, is one cast upon the corporation as a governmental agency, and when it is to be performed for the benefit of the public generally, and not for the pecuniary or other advantage of the corporation privately. *Pray* v. *Jersey City*, 3 *Vroom* 394; *Cooley* v. *Freeholders of Essex*, 3 *Dutcher* 415; *Condict* v. *Jersey City*, 17 *Vroom* 158.

The case in question, as far as the plaintiff is concerned, is not one that falls within the exception.

It is the uniform decision of all the courts that a municipal corporation is liable for the negligence of its employees, when engaged in the performance of a work from which it derives

pecuniary or other direct profit, to third persons injured thereby.

The ordinary rules governing the relationship of master and servant apply. *Dill. on Mun. Corp.*, § 764, and cases cited; *Oliver* v. *Worcester*, 102 *Mass.* 489; *Cowley* v. *Mayor, &c., of Sunderland*, 6 *Hurlst. & N.* 565.

As to the employee, is there any reason why the obligation of the municipal corporation should be different or less because the work in which he is engaged is undertaken with a different object in view than that of the one just indicated? Whatever reason there may be why the corporation should be excused, as to third persons, for its negligence in the one case and held in the other, as to the employee the same reason does not exist. *Mutata legis ratione, mutatur et lex.* In both cases the employee stands in the same relationship with the municipality. In both cases he acts for the municipal corporation, under its orders, for its benefits, for a proper consideration, and as between the two, all the incidents of the relationship of master and servant do, and all the obligations should, attach. *Palmer* v. *City of Portsmouth*, 43 *N. H.* 265.

The case just indicated is one very similar to the one under consideration. See, also, *Clarissy* v. *Met. Fire Department*, 7 *Abb. Pr.* (*N. S.*) 352.

The case of the plaintiff, we respectfully submit, falls within the rule enunciated by Chief Justice Hornblower, "that when a corporate body whether of a municipal or private character owes a specific duty to an individual, an action will lie for a breach or neglect of that duty, whenever such breach or neglect has occasioned injury to that individual, but if such corporation owe a duty to the public and neglect to perform it, although every individual comprising that public is thereby injured, some more, some less, yet they can have no private remedy at the common law." *Freeholders of Sussex* v. *Strader*, 3 *Harr.* 108.

The duty of the city to keep its fire engine in order was a specific one, owing to the plaintiff as an individual, and was founded upon the statute under which they were acting in

maintaining a fire department.    See *Charter of Paterson, Pamph. L.* 1871, *p.* 871, § 164.

And it was one, moreover, which they had undertaken, and were actually assuming to discharge in employing the plaintiff about their engine.

II. It is respectfully submitted that the second ground of demurrer mentioned in defendants' specification of causes of demurrer, is not proper cause of demurrer.

It is founded on matter collateral to the declaration and not intrinsic.    *Steph. on Pl.* *62; 1 *Chit. Pl.* (*6th Am. ed.*) *700.

It may be that the officer on whom it is alleged was imposed the duty of "keeping the fire apparatus and engine in repair and proper and safe condition," was not acting, that his appointment had not been made; a fact which the plaintiff might be prevented from showing, if the matter should be disposed of as presented.

For the defendants, *F. Scott* and *John W. Griggs.*

The declaration sets forth that in 1881 plaintiff was a regular ordinary member of a regular company of the fire department of Paterson, and which fire department is part of the city government; that, at that time, while doing duty in helping to haul the engine to a fire, the rope which he held suddenly slipped off the reel, which was out of order, whereupon he fell under the engine and was hurt.    The declaration is demurred to as presenting no cause of action.    Under "Specifications of Demurrer" it is stated as one reason why the city is not liable "because the duty of keeping such apparatus and engines in repair and proper and safe condition, is not by law imposed upon the defendants, but upon certain officer or officers designated by law for that purpose."

This is true.    The city charter imposes this work upon the chief engineer of the fire department.

Section 162 of the city charter is as follows, to wit: "And be it enacted, that the executive officer of the fire department shall be known as and called the 'chief engineer of the fire

department,' who, with two assistant engineers of said department, shall be elected or appointed from among the active or exempt firemen of said city at such time and in such manner, and for such term or terms, not exceeding two years, as the board of aldermen shall prescribe."

Section 163 is as follows, to wit: "And be it enacted, that it shall be the duty of said chief engineer to supervise the fire apparatus of the department and to see that the same is kept in good working condition," &c.

And in pursuance of this enactment the following is the second section of a supplement to an ordinance in relation to the fire department.

The board of aldermen do ordain: "That it shall be the duty of the chief engineer, and in his absence either of the assistant engineers, in case any repairs shall be necessary to any of the said property or fire apparatus of the said fire department, to keep the same in good working condition," &c. Passed March 2d, 1876.

The doctrine of *respondeat superior* does not apply. 2 *Dillon* (3d ed.), §§ 974, 976 ; *Condict* v. *Jersey City*, 17 *Vroom* 159.

On page 8 of the printed case, under "Specification upon Demurrer," it is stated :

"The said declaration discloses no cause of action against the defendants, because by the law the defendants are not responsible for any damage that may happen to a member of its fire department, by reason of the failure to have or keep in repair, or proper and safe condition, the fire apparatus and engines belonging to the city of Paterson." See 2 *Dillon* (3d ed.), § 965.

"In the absence of express statute therefor, municipal corporations are no more liable to actions for injuries occasioned by reason of negligence in using or keeping in repair the fire engines owned by them, than in the case of a town-house or public way." 2 *Dillon* (3d ed.), § 976, *note* 1, and cases cited.

See *Maximillian* v. *Mayor*, 62 *N. Y.* 160.

"The exemption from liability is placed upon the ground that the service is performed by the corporation in obedience

to an act of the legislature, and is one in which the corporation has no particular interest, and from which it derives no special benefit in its corporate capacity; that the members of the fire department, although appointed by the city corporation, are not the agents and servants of the city for whose conduct it is liable, but they act rather as officers of the city, charged with a public service, for whose negligence, in the discharge of official duty, no action lies against the city without being expressly given; and the maxim of *respondeat superior* has no application. *2 Dillon,* § 976. See, also, *Mead* v. *New Haven,* 40 *Conn.* 72; *Fisher* v. *Boston,* 104 *Mass.* 87; *Wheeler* v. *Cincinnati,* 19 *Ohio St.* 19; *Strader* v. *Board of Freeholders of Sussex,* 3 *Harr.* 108; *Cooley* v. *Freeholders of Essex,* 3 *Dutcher* 47�b; *Livermore* v. *Freeholders of Camden,* 2 *Vroom* 508; *Pray* v. *Jersey City,* 3 *Vroom* 394; *Reock* v. *Mayor and Council of Newark,* 4 *Vroom* 132, 133; *Town of Union* v. *Durkes,* 9 *Vroom* 21; *Condict* v. *Jersey City,* 17 *Vroom* 159.

"A city is not liable to an action for the negligence of the members of its fire department." *Condict* v. *Jersey City,* 17 *Vroom* 159.

The opinion of the court was delivered by

MAGIE, J.    It has been settled beyond the possibility of further contention in this state, that municipal corporations are not liable to action for neglect to perform or negligence in performing duties imposed on them by law and due to the public, in behalf of any individual suffering damage by reason of such negligence, unless an action is given by statute. Where the employees or officers of a municipal corporation are negligent in the performance of such duties, the doctrine of *respondeat superior* will not apply. *Livermore* v. *Board, &c.,* 2 *Vroom* 508; *Pray* v. *Jersey City,* 3 *Vroom* 394; *Cooley* v. *Freeholders, &c.,* 3 *Dutcher* 415; *Freeholders, &c.,* v. *Strader,* 3 *Harr.* 108; *Condict* v. *Jersey City,* 17 *Vroom* 157.

The duty of the city of Paterson to maintain a fire department is manifestly a duty owed to the public and imposed by law. Any one injured by negligence in the performance of

that duty, will be debarred from action for such injury by the well-settled rule above stated.

Plaintiff's contention is that his case is exceptional, and not within the rule, upon the ground that the duty of keeping the machinery used for extinguishing fires in good order, is, as respects those who are employed in its use, a private duty, owed, not to the public, but to the employee.

But the distinction thus sought to be made is, in my judgment, merely specious.

It does not appear what was the precise relation between plaintiff, as a member of the fire department, and the city. Whether his services were voluntarily rendered or were paid for, is not disclosed. But in either case the relation is not the ordinary relation of master and servant. Employees of such corporations in the execution of its public duties have been held to be mere instruments in the performance of such duties, and to act as public officers charged with a public service. *Condict* v. *Jersey City, supra.*

The duty to provide and maintain apparatus for extinguishing fires is plainly included within the public duty of establishing a fire department for that purpose. The city, as a corporation, derives from it no special benefit or advantage. The duty is single and undivided, and although the city must perform this duty by means of agents or officers, it owes to them no special duty, differing either in kind or degree from the duty which it owes to others in this respect. The duty is of a public character, and on grounds of public policy its neglect will not give a right of action to any individual in the absence of a statute. If there are any reasons for a modification of this rule with respect to employees of such corporations engaged in hazardous service, they cannot be considered by the courts. The rule can only be modified by the legislature. In the absence of legislation the plaintiff is within the rule and plainly without a right of action.

For this reason the city is entitled to judgment on the demurrer.