ELLA P. BURRILL *vs.* CITY OF AUGUSTA.

Kennebec. Opinion January 30, 1886.

*Fire department officers, liability of municipality for acts of.*

The officers of the fire department of a municipality are public officers, and not the mere servants or agents of the municipality.

A city is not liable for the act of the officers of its fire department, unless made so by express statute, or unless the act complained of was expressly ordered by the city government.

ON EXCEPTIONS.

The opinion states the case.

*H. M. Heath,* for the plaintiff.

With grave doubts as to the sufficiency of the count demurred to, I cite, as tending to support the count, *Lee* v. *Sandy Hill,* 40 N. Y. 442; *Hill* v. *Boston,* 122 Mass. 344; *Gordon* v. *Taunton,* 126 Mass. 349; *Bailey* v. *Woburn,* 126 Mass. 416.

*Winfield S. Choate,* city solicitor, for the defendant, cited: *Edgerly* v. *Concord,* 59 N. H. 78; *Welsh* v. *Village of Rutland,* 56 Vt. 228; S. C. 48 Am. Rep. 762; *Fisher* v. *City of Boston,* 104 Mass. 87; S. C. 6 Am. Rep. 196; *Hafford* v. *New Bedford,* 16 Gray, 297; *Jewett* v. *City of New Haven,* 38 Con. 368; 9

Am. Rep. 382; *Wilcox* v. *City of Chicago*, 107 Ill. 334; S. C. 47 Am. Rep. 434; *Black* v. *City of Columbia*, 19 S. C. 412; S. C. 45, Am. Rep. 785; *Wheeler* v. *City of Cincinnati*, 19 Ohio St. 19; S. C. 2 Am. Rep. 368; *Robinson* v. *City of Evansville*, 87 Ind. 334; S. C. 44 Am. Rep. 770; *Simon* v. *City of Atlanta*, 67 Ga. 618; S. C. 44 Am. Rep. 739; *Greenwood* v. *Louisville*, 13 Bush. 226; S. C. 26 Am. Rep. 263; *Smith* v. *Rochester*, The Reporter, Vol. 8, p. 178, Ct. of Appeals; and *O'Meara* v. *New York*, 1 Daly, 425; *Van Wert* v. *Brooklyn*, 28 How. Pr. 451; Shearman and Redfield on Negligence, 3d edition, § 139, and cases cited in note; Dillon, on Municipal Corporations, 2d ed. p. 887, § 774.

DANFORTH, J.   The plaintiff, in her writ, substantially alleges that the officers of the fire department of the defendant city, having occasion to use a steam fire engine belonging to said city, for a necessary purpose, after said use, carelessly and negligently allowed the engine to stand within the limits of a public street in said city, and while so standing negligently, drew the fire and permitted the steam to escape therefrom with a great noise, whereby the plaintiff's horse, which she was rightfully driving upon the same street, was frightened, ran away, and the plaintiff, without any fault on her part, was thrown to the ground and injured.

To this declaration a demurrer was filed which was sustained by the court.   To this ruling exceptions were filed.

Thus the sole question presented is the liability of a municipal corporation for the negligent acts of the officers of its fire department while in the discharge of their official duties.

The statute provides that cities and towns may organize a fire department, provide for the election of the necessary officers and "prescribe their style, rank, powers and duties." R. S., c. 26.   The object and purpose of this organization is public and not private.   It is not intended to, nor does it especially advance the corporate interest, or immediate emolument of the city or town where it is established.   Its advantages may indeed be great, but they are indirect and enjoyed in common with the

public. The officers, though chosen directly by or under ordinances, or by-laws established by cities and towns, are public officers, performing public duties, acting upon their own responsibility, controlled by fixed principles and established rules as found in the laws applicable, with no power of control over, or to impose any obligation upon the corporation, except so far as such authority may be conferred by express statute or act of the corporation. They are a part of the municipal government, and not servants or agents of the municipality. Hence their relation to their respective cities and towns differs in no respect from that of municipal officers generally.

The absence of corporate liability for the acts of municipal officers, with its limitations and exceptions, has been so fully discussed, both in our own state and others, and with such uniformity as to result that it is unnecessary to go over the ground again. *Mitchell* v. *Rockland*, 52 Maine, 118; *Brown* v. *Vinalhaven*, 65 Maine, 402; *Woodcock* v. *Calais*, 66 Maine, 234; *Hill* v. *Boston*, 122 Mass. 344; *Gordon* v. *Taunton*, 126 Mass. 349; Wharton on Negligence, § 191, and cases cited. That the principles settled in these cases are equally applicable to the officers of the fire department, follows from the nature of their office as above stated, and is shown by *Fisher* v. *Boston*, 104 Mass. 87; *Hafford* v. *New Bedford*, 16 Gray, 297; Shearman and Redfield on Negligence, § 139; Dillon on Municipal Corporations, (3d ed.) § 976.

A careful examination of these cases will show that the municipal corporation has been held liable for the negligence of its officers only when made so by an express statute, or the act out of which the claim grew was directly and expressly ordered by the corporation. Neither of these exceptions are found in this case. No statute is relied upon. None exists imposing any responsibility, except where buildings are demolished to prevent the extension of fires, and there is no pretence that the act complained of was authorized or directed by any express order of the defendant city.                     *Exceptions overruled.*

PETERS, C. J., WALTON, LIBBEY, EMERY and FOSTER, JJ., concurred.