CAROLINE E. DODGE *vs.* DANIEL L. D. GRANGER, City Treasurer of the City of Providence.

Members of a fire department are public officers for whose negligent acts the municipality is not liable.

A., injured by a truck put out on the sidewalk in front of a city fire-engine station while the station was cleaning, brought an action against the city on the ground that the city was liable for the obstructed highway, the obstruction being caused by the negligent acts of the city's servants.

*Held,* on demurrer, that the action could not be maintained.

*Held,* further, that cleaning the station and caring for the apparatus were as much a fireman's public duty as extinguishing fires.

TRESPASS ON THE CASE for personal injuries caused by the negligence of the employees of the city of Providence. On demurrer to the declaration.

*February* 27, 1892. TILLINGHAST, J. This is an action of trespass on the case, to recover damages from the city of Providence for injuries resulting from the alleged negligence of said city in failing to keep a certain public street or highway known as Exchange Place in suitable repair, so that it should be safe and convenient for travellers.

The declaration sets out that some of the members of the fire department of said city connected with the fire-engine house known as Station No. 1, situated on said Exchange Place, for the purpose of more easily cleaning said station, placed one of the hook-and-ladder trucks belonging to said city, and in the care and under the control of said fire department, so that one of the ladders projected across the sidewalk directly in front of said engine house, where it was allowed to remain for the space of, to wit, one hour,

and that the plaintiff, while passing along said sidewalk between four and five o'clock in the afternoon, in the exercise of due care, came in contact with the said ladder and was injured. It also sets out that the members of said fire department had been for a long time prior thereto, to wit, for the space of ten years prior to said accident, in the frequent and daily habit of placing their trucks so that the ladders thereof would project across said sidewalk in front of said house, without warning to the public, at all hours of the day.

The defendant demurs to the declaration on the ground that the members of the fire department are public officers, for whose negligent acts the city is not liable.

The plaintiff, while admitting the general doctrine contended . for by the defendant in support of its demurrer, yet claims that the case stated in the declaration is not governed by the rule announced, for the reason that the act complained of was not one which was done at a fire, or on the way to or returning from a fire, but was the negligently placing of a truck at said station and leaving it there so that the projecting ladders formed an obstruction to the street and sidewalk, for which the city is liable the same as if said obstruction had been placed there by a mere stranger.

We do not think that the plaintiff's position is tenable. It is the duty of the fire department to take care of its apparatus and keep it in proper condition for use, as well as to use it for the extinguishment of fires, and the members of said department are acting in the line of their duty while so taking care of said appliances as fully as when actually engaged in extinguishing fires.

The efficiency and usefulness of such a department must necessarily depend very largely ˙upon the diligence exercised in the management and care of its appliances when not in actual service, so that the same may at all times be in proper condition for instant use. The cleaning of the station house referred to in the declaration was evidently necessary and proper, both on account of the health and comfort of the firemen stationed there, and also for the better protection and preservation of said appliances.

˙It is evidently necessary that the horses belonging to the depart-

ment should be taken care of and exercised, that hose and hydrants should frequently be tested, and that the entire apparatus should be kept in the best of repair. And we fail to see that the city is any more responsible for the negligence of the members of said department when in the performance of these duties than when in the performance of the more important duty of extinguishing fires. The case of *Welch* v. *The Village of Rutland*, 56 Vt. 228, is quite similar in several respects to the case at bar. In that case, a hydrant connected with the aqueduct pipe having become frozen, one of the assistant engineers was directed by the village trustees to thaw out the same at the expense of the village. This he proceeded to do, using for the purpose the steam fire engine belonging to the. fire department. The water which was allowed to escape from the hydrant in order to clear it of broken ice froze in the street, and the plaintiff falling thereon was injured. But it was held that the plaintiff could not recover.

The court said : " The propriety and necessity of thawing out the hydrants is not disputed; and putting them in condition for effective service in case of a fire which was liable to occur at any moment was not only directly in the line of duty prescribed by the ordinance just quoted, but also as important a part of the general duty to protect from and extinguish fires as would be the laying of hose or hauling of fire apparatus while a conflagration was in actual progress." . . . The court further said : " If the defendant were liable in this case, it would be impossible to avoid a similar conclusion in a case of a negligent or careless act in putting the hydrants in order for efficiency, or in the use or repair of any of the fire apparatus, or indeed any negligence or carelessness of firemen while in active service at a fire, and that would be a state of law which, it must readily be seen, cities and villages could not live under."

In *Fisher* v. *Boston*, 104 Mass. 87, the city was held not to be liable for a personal injury to the plaintiff caused by the bursting of the hose attached to a fire engine. Gray, J., said : " In the absence of express statute, municipal corporations are no more liable to actions for injuries occasioned by reason of negligence in using or keeping in repair the fire engines owned by them, than in the case of a town house or a public way. It makes no difference

whether the legislature itself prescribes the duties of the officers charged with the repair and management of fire engines, or delegates to the city or town the definition of those duties by ordinance or by by-law.  However appointed or elected, such persons are public officers who perform duties imposed by law for the benefit of all the citizens, the performance of which the city or town has no control over, and derives no benefit from in its corporate capacity.  The acts of such public officers are their own official acts, and not the acts of the municipal corporation or its·agents."  In the case of *Burrill* v. *City of Augusta*, 78 Me. 118, the plaintiff alleged that the officers of the fire department of the defendant city, having occasion to use a steam fire engine belonging to said city for a necessary purpose, after said use carelessly and negligently allowed the engine to stand within the limits of a public street in said city, and, while so standing, negligently drew the fire and permitted the steam to escape therefrom with a great noise, whereby the plaintiff's horse, which she was rightfully driving upon the street, was frightened, ran away, and the plaintiff, without any fault on her part, was thrown to the ground and injured.  The defendant demurred to the declaration, and the demurrer was sustained on the ground that a municipal corporation is not liable for the negligent acts of its fire department while in the discharge of their official duties.  See, also, 7 Amer. & Eng. Encyc. of Law, 997–998, and cases cited ; Dillon on Municip. Corp. 4th ed. § 976, and cases cited; *Aldrich* v. *Tripp*, 11 R. I. 141; ·*Wixon* v. *Newport*, 13 R. I. 454.

We do not wish to be understood to hold that a city may not be liable for damages resulting from an obstruction wrongfully placed and unreasonably continued in a highway by the fire department. For it being the duty of towns and cities to keep their highways in repair, so that the same shall be safe and convenient for travellers, it follows that a liability would arise for permitting a nuisance to exist in a highway after due notice thereof, no matter by whom it should be caused.

But we do not think that the acts charged in the plaintiff's declaration, under the circumstances therein set forth, can be held to constitute such a nuisance.

The question raised as to whether the declaration sufficiently

shows that the defendant had notice of the alleged obstruction, therefore, is of no importance.                    *Demurrer sustained.*

*William W. Blodgett, Edward W. Blodgett & Willard B. Tanner*, for plaintiff.

*Nicholas Van Slyck & Cyrus M. Van Slyck*, City Solicitors of the city of Providence, for defendant.