MAYOR, ETC., OF CITY OF NEW YORK et al. v. WORKMAN.

(Circuit Court of Appeals, Second Circuit. April 16, 1895.)

No. 118.

1. ADMIRALTY—RESPONSIBILITY FOR MARINE TORT.

Although an injury has been done by a vessel, as the direct instrumentality of harm, such vessel cannot be held responsible, in admiralty more than at common law, unless the owner is accountable for the injury, either personally or upon the principle of agency.

**2. MUNICIPAL CORPORATIONS — LIABILITY FOR NEGLIGENCE OF FIRE DEPARTMENT.**

A municipal corporation is not liable for the negligence of the members of its paid fire department in the management of their apparatus or the performance of their other duties about the extinguishment of fires, such duties being a public service for the general welfare, in which the corporation has no private interest.

Appeal from the District Court of the United States for the Southern District of New York.

This was a libel by Robert W. Workman against the mayor, aldermen, and commonalty of the city of New York, the fire department of that city, and James A. Gallagher, for damages caused by a collision. The district court rendered a decree for the libelant against the mayor, etc., and Gallagher. 63 Fed. 298. Respondents appeal.

Francis M. Scott and David J. Dean, for appellant mayor, etc., of city of New York.

George L. Sterling, for appellant J. A. Gallagher.

Chas. C. Burlingame and Harrington Putnam, for appellee.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

WALLACE, Circuit Judge. The evidence in the record adequately supports the conclusion of the court below that the injuries caused to the libelant's vessel by the impact of the fire boat were caused by the negligent management of the fire boat while the latter was trying to reach a convenient location to play upon a burning building near the pier at which the libelant's vessel was moored. The case, then, presents the legal question whether the municipal corporation, the mayor, etc., of the city of New York, is responsible for the negligence of the members of its fire department, committed while attempting to extinguish a fire within the corporate limits. That the suit is brought in a court of admiralty instead of a common-law court, and that the negligence consisted in the improper navigation of the vessel, are considerations which cannot affect the conclusion. Although the vessel may have been the direct instrumentality, the offending thing, in effecting a marine tort, neither the vessel nor her owners can be held responsible by reason of that circumstance alone. The common case of a collision of a vessel in tow of another and a third vessel, produced by the negligence of the towing vessel, is a sufficient illustration. If the vessel in tow is free from negligence, neither she nor her owner is liable for the injury. Accountability, either personally or upon the principle of agency, must concur with injury to give a cause of action in any tribunal, equally in admiralty as at common law. If the city of New York would not have been liable if one of its steam fire engines, manned by the members of the fire department, had, by want of due care, while endeavoring to reach a conflagration, injured an individual or his property, it cannot be liable in the present suit.

It is familiar law that the officers selected by a municipal corporation to perform a public service for the general welfare of the in-

habitants or the community, in which the corporation has no private interest, and from which it derives no special benefit or advantage in its corporate capacity, are not to be regarded as the servants or agents of the municipality, and for their negligence or want of skill it cannot be held liable. This is so, notwithstanding such officers derive their appointment from, and are paid by, the corporation itself. In selecting and employing them, the municipality merely performs a political or governmental function; the duties intrusted to them do not relate to the exercise of corporate powers; and hence they are the agents or servants of the public at large. Upon this principle it has uniformly been decided by the courts that municipal corporations are not liable for the negligence or wrongful acts of the officers of the police or health departments, committed in the course of their ordinary employment. Unless the duties of the officers of the fire department are of a different complexion, and they are the servants of the municipality because they are engaged in performing one of its corporate functions, the same principle must extend immunity to the municipality for the negligent acts of these officers and their subordinates. A municipal corporation, like a private corporation, is liable to any person who has sustained injury in consequence of its neglect to perform a corporate duty; but because the duties of municipal corporations in respect to protecting their citizens from the dangers of fires are governmental, and not corporate, they are not liable to the owner of property injured by fire in consequence of their neglect to provide suitable fire apparatus, or to provide and keep in repair public cisterns, or the failure of their firemen to use proper efforts. Wheeler v. Cincinnati, 19 Ohio St. 19; Patch v. Covington, 17 B. Mon. 722; Brinkmeyer v. Evansville, 29 Ind. 187; Weightman v. Washington, 1 Black, 39, 49; Kies v. City of Erie, 135 Pa. St. 144, 19 Atl. 942; Heller v. Sedalia, 53 Mo. 159; Robinson v. Evansville, 87 Ind. 334. So uniform and numerous are the authorities against the proposition that a municipal corporation is liable for the negligent acts of these officers that to discuss it as an original question would seem to be inappropriate. In one of the most recent textbooks on the law of municipal corporations, the rule is thus stated: "Municipal corporations are not liable for the negligence of their firemen, although they may be appointed and removed by the city, and the performance of their duties are wholly subject to its control." Tied. Mun. Corp. § 333. A reference to the following adjudicated cases, in which the rule has been applied, will suffice to show how universally it obtains in the courts of this country: Hafford v. New Bedford, 16 Gray, 297, in which a hose carriage on its way to a fire ran over the plaintiff; Fisher v. Boston, 104 Mass. 87, in which the injury was caused from the bursting of hose; Burrill v. Augusta, 78 Me. 118, 3 Atl. 177, in which a horse was frightened by escaping steam from an engine left in the street; Wild v. Paterson, 47 N. J. Law, 406, 1 Atl. 490, in which the injury was caused from a defect in the brake of an engine; Hayes v. Oshkosh, 33 Wis. 314, in which damage was sustained by the negligent management of an engine in allowing the escape of sparks;

Wilcox v. City of Chicago, 107 Ill. 334, a case of collision with a hook and ladder wagon; Edgerly v. Concord, 59 N. H. 78, a case of the negligent testing of a hydrant; Howard v. San Francisco, 51 Cal. 52, a case of collision with an engine; McKenna v. St. Louis, 6 Mo. App. 320, a case of the negligent management of hose carriage; Jewett v. New Haven, 38 Conn. 368, a similar case; Grube v. City of St. Paul, 34 Minn. 402, 26 N. W. 228, a similar case; Welch v. Rutland, 56 Vt. 228, a case of injury from slipping on ice caused by the escape of water from fire hydrant; Greenwood v. Louisville, 13 Bush, 226, in which plaintiff was negligently run over on the sidewalk by an engine; Freeman v. City of Philadelphia, 7 Wkly. Notes Cas. 45, and Knight v. City of Philadelphia, 15 Wkly. Notes Cas. 307, cases of careless driving of fire engine; Dodge v. Granger, 17 R. I. 664, 24 Atl. 100, a case of injury by the negligent projection of a ladder from an engine house; Simon v. Atlanta, 67 Ga. 618, a case of injury from a rope stretched across the street by the fire department.

It is quite immaterial that the duties of these officers are defined and the offices created by the charter or organic law of the municipality. The test of corporate liability for the acts of the officers of the municipality depends upon the nature of the duties with which they are charged. If these, being for the general good of the public as individual citizens, are governmental, they act for the state. If they are those which primarily and legitimately devolve upon the municipality itself, they are its agents. Thus in Mead v. New Haven, 40 Conn. 72, the city, pursuant to its charter, appointed an inspector of steam boilers, and passed a by-law which imposed a penalty on any person who should use a boiler without having it tested by an inspector. In a suit for the negligent act of the inspector, the court said:

"The duty of inspection of boilers is governmental. The object of the inspection is to protect all citizens from danger who may come in contact with the boiler, or may be exposed in any way to danger from its unsafe condition. The city, as such, has no pecuniary or individual or private interest in the matter; and although the power of the city over the subject is conferred by the charter, and not by the general law, yet the city must, we think, be regarded as the agent of the government, and acting for the state, and not for itself, in making the appointment of inspectors, and therefore not liable for the inspector's negligence."

The fire department of the city of New York derives its origin and defined powers from the same organic law as do the commissioners of charities and correction and the department of public instruction, and the officers of each are constituted by the appointment of the executive officers of the city. Of the commissioners of charities and correction the court of appeals said in Maxmilian v. Mayor, etc., 62 N. Y. 160:

"It is seen at once that the powers and duties of the commissioners of charities and correction are not to be exercised and performed for the especial benefit of the defendant. It gets no emolument therefrom, nor any good as a corporation. It is the public, or individuals as members of the commonalty, who are interested in the due exercise of these powers, and the proper performance of their duties. * * * These chief officers, though in a sense its officers, as having no power unless after appointment by it, and

as mainly confined within its territorial boundaries, are yet officers of the state government, in the sense that they perform its functions within a designated political division of the state."

Of the department of public instruction, the court of appeals said in Ham v. Mayor, etc., 70 N. Y. 459:

"Although formally constituted a department of the municipal government, the duties which it was required to discharge were not local or corporate, but related and belonged to an important branch of the administrative department of the state government."

It was held in each of these cases that the city of New York was not liable for the negligence of an employé of one of these departments. And in Thompson v. Mayor, etc., 52 N. Y. Super. Ct. 427, it was held that the city was not liable for the negligent conduct of the employés of the fire department, as at present constituted. We entertain no doubt that the city was not liable for the negligent management of the fire boat in the present case, and that the libel against the mayor, etc., should have been dismissed by the district court. It is accordingly ordered that the cause be remitted to the district court, with instructions to dismiss the libel against the mayor, etc., with costs of this court and of the district court, and to affirm the decree against the respondent Gallagher, with costs.