## ISLAND TRANSP. CO. v. CITY OF SEATTLE.

(District Court, W. D. Washington, N. D.   June 13, 1913.)

### No. 2,153.

COLLISION (§ 74*)—MOVING AND MOORED VESSELS—PRESUMPTION OF FAULT.
   There is a presumption of negligence against a moving vessel, which comes into collision with another vessel moored where she has a right to be, which she must overcome by evidence to avoid liability.

   [Ed. Note.—For other cases, see Collision, Cent. Dig. §§ 96, 124–132; Dec. Dig. § 74.*]

In Admiralty.   Suit for collision by the Island Transportation Company against the City of Seattle.   Decree for libelant.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Byers & Byers, of Seattle, Wash., for libelant.

James E. Bradford and C. B. White, both of Seattle, Wash., for respondent.

CUSHMAN, District Judge. This cause is now for decision after issue joined and evidence taken. It is an admiralty suit by the Island Transportation Company in personam, for damages alleged to have been caused by a collision in the waters of Elliott Bay between the respondent's fireboat Duwamish and the Calista, belonging to the libelant company. The collision took place while the fireboat was being backed into her berth at the foot of Madison street, at approximately 2:30 a. m. on the morning of March 3, 1912, and while the Calista was tied to Pier 3 in Elliott Bay. The fireboat pier is located at the foot of Madison street and Pier 3 adjoins it on the north.

It was heretofore determined, upon the exceptions filed to the libel, that respondent was not exempt, by reason of being a municipal corporation operating the fireboat for the protection of the public in the discharge of its governmental duties, from liability in admiralty for damage caused by a collision upon navigable waters.

The libelant relied upon the following authorities: The Armonia, 81 Fed. 227, 26 C. C. A. 338; City of Philadelphia v. Gavagnin, 62 Fed. 617, 10 C. C. A. 552; The Dean Richmond, 107 Fed. 1001, 47 C. C. A. 138; The Virginia Ehrman, 97 U. S. 309, 24 L. Ed. 890; N. Y. & Virginia S. S. v. Calderwood, 19 How. 214, 15 L. Ed. 612; Culbertson v. Southern Belle, 18 How 584, 15 L. Ed. 493; Wetmore v. Granite State, 3 Wall. 310, 18 L. Ed. 179; The Bridgeport v. Shaw, 14 Wall. 116, 20 L. Ed. 787; Workman v. City of New York, 179 U. S. 552, 21 Sup. Ct. 212, 45 L. Ed. 314, reversed 67 Fed. 347, 14 C. C. A. 530.

The respondent cites the following authorities: Chlopeck Fish Co. v. Seattle, 64 Wash. 315, 117 Pac. 232; Lawson v. Seattle, 6 Wash. 184, 33 Pac. 347; Wilcox v. Chicago, 107 Ill. 334, 47 Am. Rep. 434; Greenwood v. Louisville, 13 Bush (Ky.) 226, 26 Am. Rep. 263; Alexander v. Vicksburg, 68 Miss. 564, 10 South. 62; Grube v. St. Paul, 34 Minn. 402, 26 N. W. 228; Drew v. The Chesapeake, 2 Doug. (Mich.) 33; Corks v. The Belle, Fed. Cas. No. 3,231a; Saunders v. The Hanover, Fed. Cas. No. 12,374; Morten v. Five Canal-Boats (D. C.) 24 Fed. 500; The Rabboni (C. C.) 53 Fed. 952; 28 Cyc. pp. 1267 et seq., 1299; Maxmilian v. New York, 62 N. Y. 160, 20 Am. Rep. 468; Cunningham v. Seattle, 42 Wash. 134, 84 Pac. 641, 4 L. R. A. (N. S.) 629, 7 Ann. Cas. 805; Fisher v. Boston, 104 Mass. 87, 6 Am. Rep. 196; Burrill v. Augusta, 78 Me. 118, 3 Atl. 177, 57 Am. Rep. 788; Wild v. Patterson, 47 N. J. Law, 406, 1 Atl. 490; Hayes v. Oshkosh, 33 Wis. 314, 14 Am. Rep. 760; Kies v. Erie, 135 Pa. 144, 19 Atl. 942, 20 Am. St. Rep. 867; Edgerly v. Concord, 59 N. H. 78; Howard v. San Francisco, 51 Cal. 52; McKenna v. St. Louis, 6 Mo. App. 320; Jewett v. New Haven, 38 Conn. 368, 9 Am. Rep. 382; Wheeler v. Cincinnati, 19 Ohio St. 19, 2 Am. Rep. 368; Brinkmeyer v. Evansville, 29 Ind. 187; Welsh v. Rutland, 56 Vt.

228, 48 Am. Rep. 762; Dodge v. Granger, 17 R. I. 664, 24 Atl. 100, 15 L. R. A. 781, 33 Am. St. Rep. 901; Gillespie v. Lincoln, 35 Neb. 34, 52 N. W. 811, 16 L. R. A. 349; Simon v. Atlanta, 67 Ga. 618, 44 Am. Rep. 739; Detroit v. Osborne, 135 U. S. 492, 10 Sup. Ct. 1012, 34 L. Ed. 260; Bucher v. Cheshire R. Co., 125 U. S. 555, 8 Sup. Ct. 974, 31 L. Ed. 795; Burgess v. Seligman, 107 U. S. 20, 2 Sup. Ct. 10, 27 L. Ed. 359; Haight v. New York (D. C.) 24 Fed. 93; Edgerton v. New York (D. C.) 27 Fed. 232; The Prussia (D. C.) 100 Fed. 486; Benedict's Admiralty, § 309.

[1] The injured vessel being moored to the dock where she had a right to be at the time of the collision, a presumption of negligence on the part of the maneuvering vessel colliding with her arises. The Dean Richmond, 107 Fed. 1001, 47 C. C. A. 138; The City of Philadelphia v. Gavagnin, 62 Fed. 617, 10 C. C. A. 552; The Armonia, 81 Fed. 227, 26 C. C. A. 338; Culbertson v. Southern Belle, 18 How. 584, 15 L. Ed. 493; Wetmore v. Granite State, 3 Wall. 310, 18 L. Ed. 179; The Bridgeport v. Shaw, 14 Wall. 116, 20 L. Ed. 787; Workman v. City of New York, 179 U. S. 552, 21 Sup. Ct. 212, 45 L. Ed. 314, reversed 67 Fed. 347, 14 C. C. A. 530.

This presumption has not been overcome by any evidence. There is no evidence of negligence on the part of the Calista. The evidence showing that the lights on the Calista were lighted at the beginning of the night of the collision and put out in the morning warrants the presumption that they were burning at the time of the collision. The pilot of the fireboat testified that he saw the Calista before he made the turn in toward the dock and that he thought she was tied to the pier, and therefore the question of the lights upon the Calista is unimportant. The mere fact that the lines fastening the Calista to the pier were loose enough to allow her to rise and fall with the tide does not constitute negligence upon her part. There is a dispute in the evidence as to the amount of damage done the Calista. Her captain testifies that he had patched up the injuries to his ship at an expense of $60 or $70, but that he had not renewed the stanchions and knee broken by the collision, because to do so it would be necessary to lay the vessel up; that in his opinion the repairs would cost $300. The pilot of the fireboat Duwamish testifies that in his opinion $30 to $50 would repair the damage. The captain of the Calista was shown to have had experience in building steamers and sailing vessels, and he built the Calista. The pilot of the Duwamish had had no experience in either building or repairing vessels. The advantage possessed by the libelant's witness in the matter of experience is sufficient to maintain the burden of proof; but, owing to the fact of the interest that the captain and builder of the Calista could not have avoided having in the case, his estimate, which is general, and not detailed, must be liberally discounted.

The libelant will be allowed $200 and costs.