## THE THIELBEK.

### THE THODE FAGELUND.

(District Court, D. Oregon. February 23, 1914.)

Nos. 6111 and 6116.

1. COLLISION (§ 115*)—LIABILITY—PORT OF PORTLAND.

The Port of Portland, a municipal corporation, doing pilotage and towage between the city of Portland and the open sea under L. O. L. § 6106, authorizing the port to establish and maintain an efficient towage and pilotage service and to operate tugboats, employ pilots, and collect pilotage and towage, is liable for a maritime injury due to the fault of its tugboat or the negligence of its pilot.

[Ed. Note.—For other cases, see Collision, Cent. Dig. §§ 244–247; Dec. Dig. § 115.*]

2. ADMIRALTY (§ 19*)—LOCAL LAW—STATE STATUTES.

Where a maritime injury was alleged to be due to the negligence of the pilot of a tug owned and operated by the Port of Portland, the extent of liability was governed by the general admiralty law and could not be limited by state statute (L. O. L. § 6108), declaring that the liability of the port for such injuries should not exceed $10,000.

[Ed. Note.—For other cases, see Admiralty, Cent. Dig. §§ 233, 234; Dec. Dig. § 19.*]

In Admiralty. Libels by Wilhelm Wilhelmsen against the German bark Thielbek and the Port of Portland, and by Knohr & Burchard against the Norwegian steamship Thode Fagelund. On exceptions to the answer of the Port of Portland. Sustained.

Wm. C. Bristol, of Portland, Or., for Wilhelm Wilhelmsen.

Wood, Montague & Hunt, of Portland, Or., for the Thielbek.

Teal, Minor & Winfree, of Portland, Or., for Port of Portland.

BEAN, District Judge. On August 24, 1913, a collision occurred in the harbor of Astoria between the German bark Thielbek, in tow of a tug belonging to the Port of Portland, and the Norwegian steamer Thode Fagelund, in charge of a pilot belonging to such port. The owner of the Fagelund libeled the Thielbek in rem and the Port of Portland in personam to recover $125,000 damages, alleged to have been due to the fault of the Thielbek and her tow. And the owners of the Thielbek libeled the Fagelund in rem and the Port of Portland in personam to recover $23,500, alleged to be the damages suffered by her, due, it is charged, to the negligence of the Fagelund and her pilot.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The Port of Portland is a municipal corporation, organized and existing under a law of the state, and authorized, among other things, to establish and maintain an efficient towage and pilotage service on the Willamette and Columbia rivers between the city of Portland and the open sea, and to that end to purchase, lease, control, and operate steam tugboats and steam and sail pilot boats, and employ and furnish pilots, and to collect charges for pilotage and towage. Lord's Oregon Laws, § 6106. It has answered the libel in each of the cases referred to, alleging, among other things, that the law under which it is organized provides that its liability for an injury to a vessel while being towed by one of its tugs, or in charge of one of its pilots, due to the fault of the tug or the negligence or incompetence of the pilot, is limited to $10,000. Lord's Oregon Laws, § 6108. Exceptions have been filed to the answers on the ground that the provision of the statute limiting liability is not binding on a court of admiralty.

[1, 2] That the Port of Portland is liable for a maritime injury due to the fault of its towboat or the negligence of its pilot is settled in this circuit. United States v. Port of Portland (D. C.) 147 Fed. 865; Port of Portland v. United States, 176 Fed. 866, 100 C. C. A. 336. But whether the state statute limiting such liability to a sum not exceeding $10,000 is binding on a court of admiralty is the question now presented. I think it is ruled by the decision of the Supreme Court in Workman v. New York, 179 U. S. 552, 21 Sup. Ct. 212, 45 L. Ed. 314. That was a libel against the city of New York in personam to recover damages to a vessel by being run into by a fire boat of the city while it was entering a slip for the purpose of getting in a position to aid in putting out the fire in a warehouse near the slip bulkhead. The District and Circuit Court of Appeals proceeded on the assumption that the local law controlled; the former holding that the city was liable (63 Fed. 298), and the latter that it was not (67 Fed. 347, 14 C. C. A. 530). But on certiorari the Supreme Court held that the question must be decided by the general admiralty and not the local law; that the local law or decisions of a state cannot as a matter of authority abrogate maritime law; that, when the relation of master and servant exists, an owner of an offending vessel committing a maritime tort is responsible under the rule of respondeat superior; that there is no limitation taking municipal corporations out of reach of the process of a court of admiralty; and that it must answer for a maritime tort, regardless of the capacity in which its agents were acting at the time, although under the local law it would not be liable. The effect of the decision, in short, is that courts of admiralty will afford redress for an injury committed by a vessel where the subject-matter is within the cognizance of such courts and where the wrongdoer is amenable to its process, although relief is afforded by the local laws, and that "state laws or decisions cannot deprive an individual of a right of recovery for a maritime wrong which, under the general principles of the admiralty law, he undoubtedly possessed," nor can they "destroy the symmetry and efficiency of that law by ingrafting therein a principle which violates the imperative command of such law that admiralty courts must administer redress for every maritime wrong in every case where they have juris-

dictional power over the person by whom the wrong has been committed."

If, as held in this case, state laws and decisions cannot exonerate a municipality owning an offending vessel from liability in admiralty for a tort committed by such vessel, it would seem logically to follow that such a law limiting the amount of recovery and thus affecting the relief to be granted is not binding on an admiralty court, where the wrongdoer is subject to the jurisdiction of such court and the proceeding is in accordance with the maritime law.

Exceptions will therefore be allowed.