## THE CLINGSTONE.

### SKEHAN v. TOMKINS COVE STONE CO. et al.

(District Court, E. D. New York. January 22, 1921.)

**Collision ⊙═71(2)—Moving vessel held liable for collision with moored vessel.**

A barge *held* in fault for collision with a launch tied up at a pier, which the barge, also moored to the pier, struck when she was swung around to facilitate unloading, without notice to the launch of the intended maneuver, and the launch *held* not barred from recovery because she made fast to the pier without the consent of the owner, where he made no objection to her remaining.

In Admiralty. Suit for collision by Jay S. Skehan, owner of the power boat Niagara V, against the barge Clingstone, with Frederick Semken and the B. Turecamo Contracting Company, Incorporated, impleaded. Decree for libelant against respondent Semken and the barge.

Theodore L. Bailey, of New York City (Frank C. Welles, of New York City, of counsel), for libelant.

Clarence Sage Woodman, of New York City, for claimant.

Otto Scheilke, of Brooklyn, N. Y., for Frederick Semken.

William S. Butler, of Brooklyn, N. Y., for Turecamo Contracting Co., Inc.

GARVIN, District Judge. This libel was filed by the owner of the power boat Niagara V against the barge Clingstone, for damages sustained as the barge swung around and struck her while both boats were moored at the pier at the foot of Bay Thirty-Second street, Brooklyn. The claimant has brought in by petition the B. Turecamo Contracting Company, Incorporated, to which the cargo of the Clingstone was consigned, and Frederick Semken the owner of the pier. On the evening of September 24, 1919, at 8 p. m., the Niagara V reached the Semken pier, at which the Clingstone was lying; the Niagara V, arriving after dark, asked and received permission of the captain of the barge to make fast to her. She accordingly made fast, and swung about 15 feet astern of the Clingstone, with one rope to the latter's starboard bow and a line to the pier. The barge was lying bow in; the launch, bow out. The next day the weather was too rough to move the Niagara V, and at 2:15 p. m. the barge was winded around in order to complete the discharge of her cargo. After notifying the Niagara V to move her bow line from the barge, the lines holding the barge at her stern were cast off, and she swung out, driven by the wind; as she came completely around, she crushed the Niagara V. The Niagara V did not ask any one's permission to make fast to the pier. There is testimony that signs were posted, giving warning that a boat docking there did so at her owner's risk; but these were not known to the Niagara V and were not brought to her notice, nor was she ordered to leave.

The claimant of the barge brought in Semken and the Contracting

⊙═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Company, by petition, upon the theory that the latter was the consignee and owner of the cargo, and that either that company or Semken had entire charge of the unloading. The evidence establishes that Semken had made an agreement with the Contracting Company by which he was to unload the cargo at a fixed price per cubic foot or yard and that, under the agreement, he assumed direction of the unloading. Indeed, it is conceded in the brief filed by Semken that the Contracting Company had nothing whatever to do with the method or operation of unloading the cargo.

The Niagara V was moored, and upon the Clingstone, a moving vessel, rested the duty of avoiding a collision or of showing that it was free from fault. The Smedley (D. C.) 216 Fed. 927; Island Transportation Co. v. Seattle (D. C.) 205 Fed. 993; The Thode Fagelund, 214 Fed. 775, 131 C. C. A. 187. It has even been so held where a vessel was moored in violation of a statute. The Daniel McAllister, 258 Fed. 549, 169 C. C. A. 489. The testimony is conflicting as to whether the captain of the barge told the man in charge of the Niagara V that the barge was about to be winded and to cast off his line to the Niagara V, or merely to let go his line. In view of the fact that the barge captain himself took the Niagara V's line and made it fast to the dock, the court finds as a fact that the direction was merely to let go the line. Otherwise the barge captain would naturally have made some further statement, as he made fast the line to the dock, to the effect that the Niagara V had better make certain that she was far enough inshore so that the barge, swinging around, would clear her.

A decree will therefore be entered primarily against Semken, with any deficiency against the Clingstone. See The Thode Fagelund, supra. No liability of any sort has been established against the B. Turecamo Contracting Company, Incorporated, as to which the petition is dismissed.