Laura Saunders, Appellant, v. The City of Fort Madison.

**Municipal Corporations:** NEGLIGENCE OF FIREMEN: *Respondant superior.*   While driving along the street of defendant city, plaintiff's horse, being frightened by the employes of defendant's fire department, who were handling the city's fire apparatus and wantonly ringing a bell attached to it, ran off, injuring plaintiff, who sued to recover for her injuries.   *Held,* that there could be no recovery, as the employes were public officers engaged in a public duty at the time of the accident.

*Appeal from Keokuk Superior Court.*—Hon. Rice H. Bell, Judge.

Friday, April 13, 1900.

Action at law for damages due, as is alleged, to defendant's negligence in operating or caring for its fire apparatus.   A demurer to the petition was sustained, and plaintiff appeals.—*Affirmed.*

*T. B. Snyder* and *B. J. Wellman* for appellant.

*E. C. Weber* and *Watson & Weber* for appellee.

Deemer, J.—The petition alleges, in substance, that while plaintiff was driving along and over one of the streets in defendant city, and when opposite a fire station, its agents and servants, while in the line of their employment, and handling the fire apparatus of the city, negligently, carelessly, and wantonly caused the bell attached to said ap-

paratus to be rung, thus frightening the horse that plaintiff
was driving, causing him to run away and throw plaintiff
from the vehicle in which she was riding, resulting in serious
injury to her person; that these agents and servants, after
noticing that plaintiff's horse had become frightened, con-
tinued to ring the bell, and refused to desist, although re-
quested by plaintiff to do so. Defendant's demurrer was on
the grounds that it is not liable for the action of its agents,
servants, or firemen who have control of the fire apparatus,
and that in no event is it liable for the willful and malicious
acts of its agents or servants while handling fire apparatus.
This demurrer was sustained, and the question for solution
is, is defendant liable for the negligent or careless acts of
its agents and servants acting in the line of their duty in
caring for the fire apparatus? The doctrine of *respondeat
superior* is not applicable to the acts or negligence of all
agents and servants of a municipal corporation.   Such a
corporation, no doubt, has power to purchase and own fire
apparatus, and may in some instances appoint the agents
who are to manage and care for the same; but it is not, as a
general rule, liable for the negligence or carelessness of such
agents; for the reason that the service performed is one in
which it has no particular interest, and from which it derives
no special benefit in its corporate capacity.   Such employes
are not agents and servants of the city, but act as officers
charged with a public service, for whose negligence no action
will lie against the city.   Where the powers conferred are
governmental in nature, the city cannot be made liable for the
execution thereof.   *Ogg v. City of Lansing,* 35 Iowa, 495;
*Calwell v. City of Boone,* 51 Iowa, 687.   In the absence of
express statute, municipal corporations are no more liable to
actions for injuries occasioned by reason of negligence in
using or keeping in repair fire apparatus owned by them,
than in the care of public buildings.   *Hafford v. City of
New Bedford,* 16 Gray, 297; *Eastman v. Meredith,* 36 N. H.
284.   In *Burrill v. Augusta,* 78 Me. 118 (3 Atl. Rep. 177),

it appeared that the officers of the fire department carelessly and negligently left a fire engine standing within the limits of a public street in the defendant city, and, while so standing, drew the fire, and permitted the steam to escape with great noise, whereby plaintiff's horse was frightened and ran away, and plaintiff was thrown to the ground and injured. It was held that she could not recover, on the theory that these officers were performing a public duty, acting on their own responsibility, and that they were not officers and agents of the municipality, in such sense as that defendant was responsible for their acts. *Dodge v. Granger,* 17 R. I. 664 (24 Atl. Rep. 100, 15 L. R. A. 781), is another case directly in point There the members of the fire department left a ladder truck standing so that a ladder projected across the sidewalk in front of an engine house, in consequence of which a passer-by was injured. The city was held not liable, because the members of the fire department were public officers for whose acts the city was not liable. It was also held that it was the duty of the fire department to take care of its apparatus and keep it in proper condition for use, and that in doing this work it was performing the same duty as when actually engaged in extinguishing fires. Liability of the city for unnecessarily obstructing the street was conceded, but the case did not show any negligence in this respect. *Wild v. Paterson,* 47 N. J. Law, 406 (1 Atl. Rep. 490), and *Welsh v. Village of Rutland,* 56 Vt. 228, also involved liability of the city for the negligence of its officers and agents in keeping fire apparatus in good condition and repair; and in each case the city was held not liable for injuries growing out of their negligence in this respect. Negligence of a fireman in opening a door of an engine house so as to strike a passer-by on the sidewalk does not render the city liable. *Kies v. City of Erie,* 135 Pa. St. 144 (19 Atl. Rep. 942). Acts of a voluntary association of firemen are to be regarded like those of paid firemen, in respect to the liability of a city. *Torbush v. City of Norwich,* 38 Conn. 225 (9 Am. Rep.

395).   The following cases also add support to our conclusions:   Smith v. City of Rochester, 76 N. Y. 507; Thomas v. City of Findlay, 6 Ohio Cir. Ct. R. 241; Gillespie v. City of Lincoln, 35 Neb. 34 (52 N. W. Rep. 811, 16 L. R. A. 349); Pettingell v. City of Chelsea, 161 Mass. 368 (37 N. E. Rep. 380, 24 L. R. A. 427).   The Nebraska case is quite in point, and, following the general tenor of the authorities, it holds that a city is not liable where the injury complained of is due to the negligence of the driver of a ladder truck while exercising a team of horses belonging to the fire department of the city.   The demurrer was properly sustained, and the judgment is AFFIRMED.