**Janet M. GOEBEL, Executor of the Estate of Melvin L. Goebel, Connie M. Goebel, Jeffrey C. Goebel, Jodie A. Goebel and Michael L. Goebel, minors by their Mother and Next Friend, Janet M. Goebel and Janet M. Goebel, Individually, Jean Simon, Administrator of the Estate of Robert A. Simon and Jean Simon, Individually, Appellees,**

v.

**CITY OF CEDAR RAPIDS, Appellant.**

No. 60408.

Supreme Court of Iowa.

June 28, 1978.

Robert C. Tilden, Stephen J. Holtman, and Iris E. Muchmore, Cedar Rapids, for appellant.

Wayne C. Collins and Richard S. Fry, Cedar Rapids, for appellees.

Considered by MOORE, C. J., and RAWLINGS, LeGRAND, HARRIS and McCORMICK, JJ.

McCORMICK, Justice.

We granted this interlocutory appeal to decide whether persons who receive benefits under Code chapter 411 are barred from maintaining a tort action against the city based on the same injury. Chapter 411 provides comprehensive disability and pension benefits for firemen and policemen under civil service as well as accidental death benefits for their beneficiaries. Plaintiffs are the estate representatives, wives and children of two firemen who were killed in a water rescue training exercise in Cedar Rapids in 1976. The widows and children received statutory death benefits under chapter 411. In this tort action plaintiffs seek wrongful death damages from defendant City of Cedar Rapids. The City moved for summary judgment on the ground the benefits under chapter 411 constitute an exclusive remedy against the municipality. The trial court overruled the motion, and this appeal followed. We reverse and remand.

Code chapter 613A, effective January 1, 1968, eliminated common-law tort immunity for political subdivisions with certain exceptions. §§ 613A.2, 613A.4, The Code; *Symmonds v. Chicago, M., St. P. & P. R. Co.,* 242 N.W.2d 262, 264 (Iowa 1976). The basic question here is whether any of those exceptions bars tort actions against the municipality by persons covered as to the same injury under chapter 411.

The answer is readily apparent when the employee is covered by workers' compensation. In those situations the workers' compensation remedy is specifically and expressly made exclusive by § 613A.4(1). However, the statute does not contain an exemption in similar language when the employee is entitled to compensation under chapter 411. If the chapter 411 remedy is exclusive, it must be made so by the general language of § 613A.4(4) which exempts municipal tort liability as to any claim "where the action based upon such claim has been

barred or abated by operation of statute * * *."

Plaintiffs contend that if the legislature had intended to make the remedy under chapter 411 exclusive it should and would have said so specifically and expressly as it did regarding workers' compensation. However, we are aware of no rule which requires the legislature to signify its intent in only one way. While we must decide the case on the basis of what the legislature did say in the relevant statutes, rather than what it should or might have said, we are also obliged, whatever the form of the statutes, to consider their subject matter, reason, consequence and spirit in order to identify and give effect to the legislative purpose. *Matter of Estate of Bliven,* 236 N.W.2d 366, 369 (Iowa 1975). Furthermore we must be mindful of the state of the law when the statutes were enacted and seek to harmonize them, if possible, with each other and with additional statutes relating to the same subject. *Doe v. Ray,* 251 N.W.2d 496, 501 (Iowa 1977).

In order to determine whether chapter 411 operates in a way from which a legislative intent to make it an exclusive remedy within the meaning of § 613A.4(4) may reasonably be inferred, it is necessary to examine its provisions, their history and relationship with other statutes, and cases treating analogous problems.

I. *The nature of chapter 411 coverage.* Chapter 411 contains provisions for disability and retirement benefits for firemen and policemen under civil service.

Comprehensive disability benefits are provided. The city pays the full cost of hospital, nursing and medical attention for job-related injuries. § 411.15. An employee who is temporarily incapacitated by such injury also receives full pay and allowances until fully recovered or found to be permanently disabled. § 411.6(5). When retirement is required because of accidental disability, the employee receives either a service retirement allowance or an annuity which is the actuarial equivalent of his accumulated contributions and, in addition, a pension equal to two-thirds of his average

final compensation. § 411.6(6). When retirement occurs on ordinary disability, the benefits are similar except that a different basis exists for computing the pension. § 411.6(4). Substantial benefits are provided for ordinary and accidental death. § 411.6(8) (ordinary death benefit) and § 411.6(9) (accidental death benefit).

Accidental death benefits were paid in the present case. Plaintiff Janet M. Goebel received $6,131.52, representing her deceased husband's accumulated annuity savings fund contributions, with interest, and she receives $732.41 in monthly pension benefit payments for herself and her children. Plaintiff Jean Simon received $7,383.33 in a lump sum payment and receives a monthly pension benefit of $478.43 for herself. The pension payments come from a non-contributory pension accumulation fund maintained by the City. The monthly payments continue until death or remarriage of the widow, in either of which event benefits payable for the employee's children continue until the last child reaches age 18. § 411.8(3). The widow's pension equals one-half the decedent's average salary over the last five-year period, and benefits of $20 per month are paid for each child.

Benefits payable under chapter 411 compare favorably, in net effect, to those available under workers' compensation. See § 85.31 (death benefits) and §§ 85.32–85.34 (disability benefits). The systems are not identical, but it is apparent they serve the same purposes. However, in addition to the specific exclusion in § 613A.4(1) of claims under § 613A when workers' compensation is available, § 85.20 provides workers' compensation is the exclusive remedy of the employee against the employer. No comparable language exists in chapter 411.

II. *The history of chapter 411 and its relationship with other statutes.* The predecessor of chapter 411 was enacted in 1909. See §§ 932(a)–932(r), Code Supp., 1913. The workers' compensation statute was enacted in 1913. See Title XII, ch. 8A, Code Supp., 1913.

Of course, because of the common-law doctrine of governmental immunity, firemen and policemen covered by § 932 of the 1913 Code Supp. had no tort remedy against the city when governmental functions were involved. See *Saunders v. City of Fort Madison,* 111 Iowa 102, 82 N.W. 428 (1900). Non-governmental employees did not face this obstacle, but the workers' compensation statute made that remedy exclusive for them against their employers from its beginning. § 2477–n2, Code Supp., 1913.

A question arose regarding whether an employee entitled to benefits under the predecessor to chapter 411 could also recover workers' compensation. In *Dickey v. Jackson,* 181 Iowa 1155, 165 N.W. 387 (1917), the court held a disabled policeman who was receiving workers' compensation benefits was not barred from receiving disability benefits from the policemen's pension fund established under §§ 932(j)–932(r), Code Supp., 1913. The court noted that during the pendency of the action the legislature amended the workers' compensation statute to exclude coverage of persons entitled to benefits under firemen and policemen funds. See § 807(a), The Code, 1919. However, the court said this provision was to be raised in bar of workers' compensation rather than in objecting to the pension benefit, and thus upheld the pension fund disability award.

Chapter 411 became law in substantially its current form in 1934. See Acts 45 Ex. G.A., ch. 75; ch. 322–Fl, The Code, 1935.

In *Johnson v. City of Red Oak,* 197 N.W.2d 548 (Iowa 1972), we relied on a provision similar to § 807(a), The Code, 1919, in holding that a policeman who was covered by the disability pension provisions of chapter 411 was not entitled to workers' compensation. See § 85.1(4), The Code.

We think it is fair to conclude from this history that workers' compensation and chapter 411 benefits serve equivalent purposes and are mutually exclusive.

Support for this conclusion also exists in chapter 411's analogy to Code chapter 97A. Chapter 97A provides benefits for specified

peace officers in the department of public safety which are identical to the benefits of firemen and policemen in chapter 411. The difference is that employees covered under 97A are not excluded from workers' compensation. See § 85.2, The Code. Rather, any benefits they receive under workers' compensation are to be offset against benefits receivable under chapter 97A. See 97A.6(12), The Code. A similar provision exists in § 411.6(12), although its applicability is doubtful in view of the exclusion of persons entitled to chapter 411 benefits from workers' compensation coverage. See § 85.1(4) and (6).

▮ Because of the compulsory provision of § 85.2 and the exclusivity provisions of §§ 25A.14(5) and 85.20, employees covered by chapter 97A are precluded from bringing a tort claim against the state for the same injury. Chapter 97A benefits, which are identical to those under chapter 411, thus serve the same purpose as workers' compensation and, like workers' compensation, are exclusive of the right to sue the employer.

The result is that employees of private employers and employees of local and state government who receive substantially similar benefits to those of chapter 411 through workers' compensation, or identical benefits under chapter 97A, are barred from a common-law tort remedy for the same injury against their employers. Thus if the remedy under chapter 411 is not exclusive, covered firemen and policemen would have a right which most private employees and other government employees do not have.

In attempting to determine whether the legislature intended this result, we must distinguish this situation from that involved in *Price v. King,* 259 Iowa 921, 146 N.W.2d 328 (1966). In that case the court held the exclusivity provision of § 85.20, The Code, 1962, which barred an employee action against his employer, could not be extended by judicial construction to bar an action against a co-employee. The court was guided by the fact that the employee had a common-law right to sue his co-employee at the time § 85.20 was enacted, and this right would not be deemed destroyed in the ab-

sence of clear statutory language. See also *Craven v. Oggero,* 213 N.W.2d 678, 680–681 (Iowa 1973). A different situation exists here. No common-law right to sue the municipality existed when chapter 411 was enacted. Moreover, history shows a legislative intent, at least until enactment of chapter 613A, to treat persons entitled to chapter 411 benefits and workers' compensation benefits alike.

III. *Decisions in analogous cases.* A presumption of exclusivity has been recognized in federal courts in analogous situations. The United States Supreme Court explained it in *United States v. Demko,* 385 U.S. 149, 151–152, 87 S.Ct. 382, 384, 17 L.Ed.2d 258, 260–261 (1966), as follows:

Historically, workmen's compensation statutes were the offspring of a desire to give injured workers a quicker and more certain recovery than can be obtained from tort suits based on negligence and subject to common-law defenses to such suits. Thus compensation laws are practically always thought of as substitutes for, not supplements to, common-law tort actions. A series of comparatively recent cases in this Court has recognized this historic truth and ruled accordingly. *Johansen v. United States,* 343 U.S. 427, 72 S.Ct. 849, 96 L.Ed. 1051, and *Patterson v. United States,* 359 U.S. 495, 79 S.Ct. 936, 3 L.Ed.2d 971, for instance, are typical of the recognition by this Court that the right of recovery granted groups of workers covered by such compensation laws is exclusive. Such rulings of this Court have established as a general rule the exclusivity of remedy under such compensation laws. In *Johansen v. United States, supra,* 343 U.S. at 441, 72 S.Ct. at 857, 96 L.Ed. at 1061, this Court stated that where "the Government has created a comprehensive system to award payments for injuries, it should not be held to have made exceptions to that system without specific legislation to that effect." Later in *Patterson v. United States, supra,* 359 at 496, 79 S.Ct. at 937, 3 L.Ed.2d at 972, this Court emphatically refused to abandon the *Johansen* ruling,

calling attention to the fact that Congress by specific statute could change the *Johansen* "policy at any time." Consequently we decide this case on the *Johansen* principle that, where there is a compensation statute that reasonably and fairly covers a particular group of workers, it presumably is the exclusive remedy to protect that group.

See Annot., 17 L.Ed.2d 929 et seq.

The *Demko* Court applied this principle in holding a prisoner who received benefits from the prison industries fund provided under 18 U.S.C. § 4126 was barred from maintaining an action against the government under the federal tort claims act, despite the absence of an exclusivity provision.

In keeping with the principle recognized in *Demko*, federal courts have held other compensation statutes have the effect of barring covered persons from suing the government under the federal tort claims act. See *Aubrey v. United States*, 103 U.S. App.D.C. 65, 254 F.2d 768 (1958) (federal workers' compensation statute held to be exclusive although it did not then contain an exclusivity provision); *Forfari v. United States*, 268 F.2d 29 (9 Cir.), cert. denied, 361 U.S. 902, 80 S.Ct. 211, 4 L.Ed.2d 157 (1959) (same); *Alexander v. United States*, 500 F.2d 1 (8 Cir.), cert. denied, 419 U.S. 1107, 95 S.Ct. 779, 42 L.Ed.2d 803 (1975) (federal career compensation act held to be exclusive).

In a case which bears close analogy to the present one, a federal court held firemen who received disability and retirement benefits under a District of Columbia statute much like our Code chapter 411 were barred from maintaining a tort action against the District. The court in *Anthony v. Norfleet*, 330 F.Supp. 1211 (D.D.C.1971), noted the firemen were not covered by workers' compensation through the Federal Employees Compensation Act (FECA). However, the court added:

> The Court is of the opinion that this exclusion from FECA coverage does not preserve common law tort liability of the District of Columbia to firemen and po-

licemen injured on duty but only prescribes a different method for computing payment for injured firemen and policemen, that is, the exception of firemen and policemen from FECA coverage is not an effort to remove them from a compensation system but is merely a recognition that adequate and perhaps broader compensation is provided through Title 4. Specifically excluding these men prevents double compensation for work related injuries. The FECA does, however, express a congressional policy favoring a remedy through compensation rather than in tort for Federal employees. Where Congress has established a comprehensive system to compensate injured employees, that scheme should be presumed to be the exclusive remedy against the Government. 330 F.Supp. at 1213.

The principle applied in *Anthony* is implicitly recognized in *Bradshaw v. United States*, 143 U.S.App.D.C. 344, 443 F.2d 759 (1971), and *Wham v. United States*, 86 U.S.App. D.C. 128, 180 F.2d 38 (1950).

We do not believe it is necessary to decide whether a presumption of exclusivity should be recognized in Iowa. We believe it is sufficient to hold that the circumstances which give rise to such a presumption in the federal system will support a reasonable inference of exclusivity in this jurisdiction.

While we do not recognize a presumption of exclusivity in the present case, we reject the argument that in the absence of a specific and express provision for exclusivity a presumption of non-exclusivity exists. Rather we believe we must strive to ascertain the true legislative intent from all available circumstances. Having in mind the nature of chapter 411, its history and relationship with similar statutes, and the reasoning of the analogous federal decisions, we conclude the legislature intended that the provisions of chapter 411 constitute an exclusive remedy for covered persons against the municipality. Hence we hold plaintiffs are barred by operation of that statute within the meaning of Code § 613A.4(4) from maintaining this action against the City.

The trial court erred in overruling the City's motion for summary judgment. We reverse and remand for entry of judgment for the City.

REVERSED AND REMANDED.

All Justices concur except HARRIS, J., who dissents.

HARRIS, Justice (dissenting).

Respectfully, and with a certain amount of reluctance, I am compelled to dissent. The majority reaches a desirable result after listing convincing reasons why the legislature should have made chapter 411 remedies exclusive. However the matters the majority list as indications of legislative intent seem to me to indicate merely that the legislature was not thinking about the question in this case.

I believe the absence of an exclusiveness provision for chapter 411 was the result of oversight. In all likelihood the legislature would have supplied an exclusiveness statute had one been proposed. But the legislature made no such provision when tort immunity for political subdivision was eliminated, although, as the majority points out, it did provide worker's compensation remedies are to be exclusive. § 613A.4(4). Under a familiar rule of statutory construction, the express mention of exclusiveness for worker's compensation benefits implies exclusion of those remedies not mentioned. *Inclusio unius est exclusio alterius. In re Estate of Wilson,* 202 N.W.2d 41, 44 (Iowa 1972) and authorities.

Under rule 14(f)(13), Rules of Appellate Procedure: "In construing statutes the court searches for the legislative intent as shown by what the legislature said, rather than what it should or might have said."

We should not supply the statute the legislature omitted.

I would affirm.