**AMANA REFRIGERATION, INC.**
**Petitioner-Appellant,**

v.

**IOWA DEPARTMENT OF JOB SERVICE, Respondent-Appellee.**

No. 2–68178.

Court of Appeals of Iowa.

April 8, 1983.

As Corrected April 8, 1983.

Iris E. Muchmore of Simmons, Perrine, Albright & Ellwood, Cedar Rapids, for petitioner-appellant.

Walter F. Maley, Blair H. Dewey and Edmund Schlak, Jr., Des Moines, for respondent-appellee.

SNELL, Judge.

Petitioner-employer, Amana Refrigeration, Inc., appeals from the district court decision on judicial review affirming respondent-agency's award of unemployment compensation benefits. We reverse and remand for entry of judgment.

■ The facts of this case are not in dispute. Beginning on July 21, 1980, Amana Refrigeration closed its plant for its traditional summer vacation of three weeks. Although the plant was technically closed, some work was available during the entire shutdown. Amana employees were polled by a written form circulated approximately three months in advance of the shutdown to determine which employees wanted to work during that time. Some employees responded that they wanted to work during the entire shutdown; some wanted to work for only one or two of the three weeks; and some did not want to work at all.

As a result of the shutdown, numerous Amana employees applied for unemployment compensation, including those who had indicated on the form that they did not want to work during the three-week period. Amana protested the award of benefits to the various claimants only as to those weeks for which the employee had expressed a desire not to work. The Job Service Hearing Officer issued a decision finding that each of the 159 claimants at issue was entitled to receive benefits for the entire three-week period, regardless of what he had marked on the form. The Job Service Appeal Board affirmed.

Amana then filed a petition for judicial review, alleging that the agency's decision: (1) was in violation of Iowa Code sections

96.2, 96.19(9)(c), and 96.4(3); (2) was unreasonable, arbitrary, and capricious; and (3) was inconsistent with prior decisions of the agency. The district court affirmed the agency's award of unemployment benefits. It is from this decision that Amana Refrigeration, Inc., now appeals.

The sole question we are presented with on this appeal is whether the district court correctly applied the law. *See Cook v. Iowa Dept. of Job Service,* 299 N.W.2d 698, 701 (Iowa 1980) (quoting *Jackson Co. Public Hospital v. Public Employment Relations Board,* 280 N.W.2d 426, 429 (Iowa 1979). The facts are not in dispute, and we are not bound by the agency's interpretation of the law. *Cosper v. Iowa Dept. of Job Service,* 321 N.W.2d 6, 11 (Iowa 1982). We must therefore make an independent determination of whether the agency's action was in violation of the applicable statutory provisions or was unreasonable, arbitrary, or capricious. *See id.;* Iowa Code § 17A.19(8). If we reach the same conclusion in this regard as the district court, affirmance is in order. If our conclusion differs, reversal may be required. *Cook,* 299 N.W.2d at 701 (quoting *Jackson,* 280 N.W.2d at 429).

The condition of eligibility for unemployment benefits which is at issue in this case is set forth in Iowa Code section 96.4(3):

An unemployed individual shall be eligible to receive benefits with respect to any week only if the department finds that:

3. He or she is able to work is available for work, and is earnestly and actively seeking work. The provision of this subsection shall be waived if he or she is deemed temporarily unemployed as defined in section 96.19, subsection 9, paragraph "c".

The corollary subsection, 96.19(9)(c), provides:

An individual shall be temporarily unemployed if for a period, verified by the commission, not to exceed four consecutive weeks, he or she is unemployed due to plant shutdown, vacation, inventory, lack of work or emergency from his or her regular job or trade in which he or she worked full-time and in which he or she will again work full-time, if his or her employment, although temporarily suspended, has not been terminated.

Amana contends that the 159 claimants involved in this appeal are not "temporarily unemployed" under this definition because their lack of work was due, not to the plant shutdown, but to their expressed desire not to work, as evidenced by their responses on the circulated forms. Therefore, Amana reasons, the section 96.4(3) requirement was not waived, and the claimants were not entitled to receive benefits during any week for which they indicated a desire not to work since they were not "available for work." The claimants argue, and the trial court concluded, that they did fit within the definition of "temporarily unemployed" during the 1980 shutdown and thus were eligible for benefits for the entire three-week period regardless of whether they were "available for work" during that period.

Even if we assume that the definition of "temporarily unemployed" was intended to include claimants such as the Amana employees whose unemployment was "due to" both the plant shutdown and their desire not to work, we cannot agree with the trial court's ultimate resolution of the eligibility issue. We think that the second sentence of section 96.4(3), waiving the availability-for-work requirement, was intended to obviate the need for a "temporarily unemployed" employee to seek work *with other employers* during a temporary shutdown, vacation, or inventory. We do not think the legislature intended to make unemployment benefits available for claimants who were not even "available for work" with their own employers.

Although it is true that we must look to what the legislature said in the relevant statutory provisions, rather than to what it should have said or might have said, *Kelly v. Brewer,* 239 N.W.2d 109, 113–14 (Iowa 1976) "we are also obliged, whatever the form of the statutes, to consider their

subject matter, reason, consequence and spirit in order to identify and give effect to the legislative purpose." *Goebel v. Cedar Rapids*, 267 N.W.2d 388, 389 (Iowa 1978) (citations omitted). The intent behind chapter 96 of the Iowa Code is set forth in section 96.2, which functions as a "guide for interpretation" of the rest of the chapter. This section provides, in pertinent part:

> Economic insecurity due to unemployment is a serious menace to the health, morals, and welfare of the people of this state. Involuntary unemployment is therefore a subject of general interest and concern which requires appropriate action by the legislature to prevent its spread and to lighten its burden which now so often falls with crushing force upon the unemployed worker and his or her family.... The legislature, therefore, declares that in its considered judgment the public good, and the general welfare of the citizens of this state require the enactment of this measure, under the police powers of the state, for the compulsory setting aside of unemployment reserves to be used for the benefit of persons unemployed through no fault of their own.

We would not characterize, nor do we think that the legislature intended to characterize, claimants such as those involved in the instant case as "unemployed through no fault of their own." The word "fault," as used in this context, is not limited to something worthy of censure but "must be construed as meaning failure [of] volition." *Moulton v. Iowa Employment Security Commission*, 239 Iowa 1161, 1172–73, 34 N.W.2d 211, 217 (1948) (quoting *Walter Bledsoe Coal Co. v. Review Board of Employment Security Division*, 221 Ind. 16, 20, 46 N.E.2d 477, 479 (1943)). We therefore hold that the availability-for-work requirement of section 96.4(3) embraces the fault concept aforesaid and applies to claimants with regard to their own employers even if they are found to be "temporarily unemployed" within the meaning of section 96.-19(9)(c).

The decision is accordingly vacated and remanded to the district court. On remand the court shall enter a judgment denying unemployment benefits to claimants for those weeks of vacation shutdown during which they stated they did not want to work.

VACATED AND REMANDED WITH DIRECTIONS.

SCHLEGEL, J., dissents.

OXBERGER, C.J., takes no part.

SCHLEGEL, Judge (dissenting).

I dissent. The employer's case is based only on a questionnaire given the employees in which some indicated they did not wish to work during the three-week period. This does not necessarily mean that they were unavailable for work at the plant during the shutdown since the record does not indicate that they were in fact asked to work. Conversely, there is no evidence that everyone who indicated a willingness to work actually worked during the shutdown. I am troubled by having the decision to grant or deny unemployment benefits based on answers to a questionnaire which answers may or may not still be applicable if and when work is actually offered to the employees.

I also believe that the employees involved here were "temporarily unemployed" within the meaning of Iowa Code § 96.19(9)(c). That statute in its own words does not require employees to be "available for work" with their own employer during a temporary shutdown, vacation or inventory in order to receive benefits. I believe the conclusion of the majority to the contrary is unjustified.

I would affirm the ruling of the district court.