MENKE HARDWARE, INC.,
and Rosebush, Inc., et
al., Appellants,

v.

The CITY OF CARROLL,
Iowa, Appellee,

Robert Peters; Robert Peters, P.C.; Rival
Manufacturing Corporation; and Titan
Sales Corporation, Defendants.

Jerry TRYON, d/b/a Popcorn
Explosion, Appellant,

v.

The CITY OF CARROLL,
Iowa, Appellee,

and

Robert Peters; Robert Peters, P.C.; Rival
Manufacturing Corporation; and Titan
Sales Corporation, Defendants.

No. 90–1000.

Supreme Court of Iowa.

Sept. 18, 1991.

Joseph L. Fitzgibbons and Ned A. Stockdale of Fitzgibbons Brothers, Estherville, for appellants.

George H. Capps and Terence L. McAtee of Comito, Capps & Critelli, Des Moines, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, SCHULTZ, LAVORATO, and NEUMAN, JJ.

SCHULTZ, Justice.

The issue in this case is whether a city has governmental immunity in a negligence action. In two suits, now consolidated, Menke Hardware, Inc., Jerry Tryon, d/b/a Popcorn Explosion, and eight other plaintiffs allege that the City of Carroll's (City) fire department was negligent in allowing a fire to rekindle and destroy personal and real property owned by plaintiffs. In its ruling on a motion for summary judgment, the district court held that the City was immune from suit. We disagree and reverse and remand for further proceedings.

On appeal, plaintiffs raise three issues, including a claim that the district court erred when it construed Iowa Code section 364.16[1] as providing implicit municipal immunity for fire protection services. Since this issue is dispositive of this appeal, we do not discuss the other two issues raised by plaintiffs.

At common law, the doctrine of governmental immunity was available to a city as a defense to a tort action. We have held

---

1. Unless otherwise indicated, all references are to the 1983 Iowa Code.

that a city is not responsible to individuals for neglect or misfeasance by its officers or agents because it acts as a quasi-sovereign when exercising powers of a legislative and governmental nature. *Ogg v. City of Lansing,* 35 Iowa 495, 499 (1872). We have also decided that a city was not liable for the negligent manner in which its firefighters performed their duties. *Bradley v. City of Oskaloosa,* 193 Iowa 1072, 1075, 188 N.W. 896, 897 (1922); *Saunders v. City of Fort Madison,* 111 Iowa 102, 103, 82 N.W. 428, 429 (1900).

The availability of the common-law defense of governmental immunity was essentially eliminated by the legislative imposition of municipal tort liability in Iowa Code chapter 613A. 1967 Iowa Acts ch. 405, §§ 1–11 (effective Jan. 1, 1968). Chapter 613A retains municipal immunity from tort liability for the commission of certain torts that are listed in section 613A.4. *See Jahnke v. City of Des Moines,* 191 N.W.2d 780, 782 (Iowa 1971). The specific exemption from liability that the City now claims is derived from a statutory provision, Iowa Code section 613A.4(4), rather than the common law.

In holding the City immune, the district court relied on the exception in section 613A.4(4), which retains municipal immunity for "[a]ny claim against a municipality as to which the municipality is immune from liability by the provisions of any other statute...." The court believed that Iowa Code section 364.16 was the "other statute" which provides municipal immunity. Section 364.16 allows a city's fire department to answer calls outside the corporate limits and provides as follows: "A city shall have the same governmental immunity outside its corporate limits when providing fire protection as when operating within the corporate limits."

◼ We do not agree that section 364.16 is a statute that provides a city immunity when its firefighters act within the city limits. This section's plain language only grants immunity for the acts of firefighters which are performed outside the city limits to the same extent that a city enjoys immunity within its corporate limits. It is difficult to interpret the language of section 364.16 to fit the exception provided in section 613A.4(4). A fundamental rule of statutory construction is that an exception in a statute, contrary to its general enacting clause, should be strictly construed and all doubts and implications should be resolved in favor of the general provision or rule rather than the exception. *State v. Ricke,* 160 N.W.2d 499, 500 (Iowa 1968); *Wood Brothers Thresher Co. v. Eicher,* 231 Iowa 550, 562, 1 N.W.2d 655, 661 (1942); *Eddington v. Northwestern Bell Tel. Co.,* 201 Iowa 67, 72, 202 N.W. 374, 377 (1925). If we apply this rule of statutory construction in this case, then the exemption for municipal liability in section 613A.4(4) should be strictly construed. Any doubts should be resolved in favor of the legislature's general provision for governmental liability in chapter 613A. For these reasons, we do not believe that section 364.16 can be construed to constitute an exception to municipal tort liability.

◼ The district court concluded that the legislature's inclusion of the previously quoted language regarding governmental immunity in section 364.16, creates a presumption that this language not be rendered useless or ineffective. We agree with this rule of statutory construction, but do not agree with the district court's application of this rule in this case. There are other types of governmental immunity which section 364.16 would make applicable to the City when its firefighters act outside of the city's corporate limits. *See* § 613A.4(3) (immunity for claims based on the exercise or performance of a discretionary function); § 613A.4(5) (claims for punitive damages). Thus, our construction does not render the pertinent language in section 364.16 useless or ineffective.

In summary, we hold that the City is not immune from liability for the negligent acts of its firefighters. Even though many logical reasons might be advanced for providing immunity to a municipality for the acts of its firefighters, this is a matter for the legislature rather than the courts. Consequently, we reverse the ruling of the district court and remand for further pro-

ceedings. We do not pass on the merits of this tort action or hold that the City owed plaintiffs a duty of care.

REVERSED AND REMANDED.