Kevin James LYNCH and Rosemarie
Ann Lynch, Appellants,

v.

John SADDLER, Joseph Cerruto, Alan
L. Gross, and City of Cedar
Rapids, Appellees.

No. 01–1466.

Supreme Court of Iowa.

Jan. 23, 2003.

James E. Shipman and Paul P. Morf of Simmons, Perrine, Albright & Ellwood, P.L.C., Cedar Rapids, for appellants.

Mohammad H. Sheronick, City Attorney, Cedar Rapids, for appellees.

STREIT, Justice.

Kevin Lynch, a police officer for the City of Cedar Rapids, was seriously injured after the police helicopter he was piloting failed in mid-air and crashed. Lynch sued three municipal co-employees for negligence and gross negligence. After a trial, the jury found the three co-defendants liable for simple negligence, but not liable for gross negligence. Finding the co-employees are immune from suit, the trial court entered a judgment notwithstanding the verdict. Lynch appeals arguing Iowa Code section 670.12 (1995) does not immunize the municipal employees from his suit. Lynch also argues the trial court erred in refusing to include a jury instruction on spoliation of evidence. The municipal employees cross-appeal asserting the trial court erred in granting Lynch a conditional new trial based upon the damages award in the event of a successful appeal. We find the municipal employees are immune from this

suit and the court properly refused the spoliation jury instruction. Consequently, it is not necessary for us to address the city's cross-appeal. We affirm.

## I. Background and Facts

Kevin Lynch, a Cedar Rapids police officer, and his wife brought this action to recover damages for personal injuries he sustained in the crash of a police helicopter he was piloting. The city aviation department bought ten to twelve United States Army surplus Vietnam War vintage helicopters. The city used the salvaged parts from these helicopters for the repair and maintenance of operational helicopters. Within a ten-month period, two of the city's four helicopters crashed.[1] The second crash occurred in June 1997 while Lynch was piloting a Model 269A helicopter that experienced complete engine failure and crashed. The exact cause of this crash is not clear. It appears to have been caused by one of three possibilities: (1) improper inspection, rigging, and testing of the throttle cable; (2) contaminated fuel pump; or (3) blockage of the air intake by a plastic piece broken off of the air filter housing.[2] As a result of Lynch's extensive injuries, he became eligible for benefits under chapter 411 Retirement System for Police Officers and Fire Fighters. *See* Iowa Code ch. 411 (1997).

Lynch sued the city and three employees associated with the city's aviation department. A jury returned a verdict finding defendant John Saddler (the civilian director of the aviation department) was fifty percent at fault for the accident, and both Lynch and defendant Alan Gross (a mechanic for the aviation department) were twenty-five percent at fault. The jury specifically found none of the defendants were grossly negligent or liable for punitive damages.

The district court granted all defendants a judgment notwithstanding the $830,357 verdict. The court found the city was not subject to liability pursuant to our holding in *Goebel v. City of Cedar Rapids*, 267 N.W.2d 388 (Iowa 1978), which provided that police officers who receive disability and pension benefits under Iowa Code chapter 411 have no right of action against the municipality. In addition to relying on our holding in *Goebel*, the court also found the individual defendants were not liable for negligence based upon statutory provisions of Iowa Code chapters 411 and 670. Though the court's ruling mooted Lynch's motion for a new trial based on an inadequate damages award, the court conditionally granted a new trial on those grounds in the event of a successful appeal.

Lynch appeals and the city cross-appeals. Lynch argues the *Goebel* holding is no longer good law in light of subsequent changes to chapter 411. Lynch also contends *Goebel* should not be used to support an interpretation of subsequently enacted Iowa Code section 670.12 as precluding simple negligence actions. Finally, Lynch argues the court erred in failing to give the requested spoliation jury instruction. The city cross-appeals asserting the jury's damage award was supported by evidence and did not warrant a new trial.[3]

1. The first of the crashes came before us on appeal in *Mason v. Schweizer Aircraft Corp.*, 653 N.W.2d 543 (Iowa 2002).

2. The cause of the first Model 269A helicopter crash involving Mason was more clear. In that crash, the National Transportation Safety Board determined "that the probable cause of the crash was two plastic pieces that had

broken off the air filter and entered the air induction tubes, blocking the flow of air and fuel into the engine." *Mason*, 653 N.W.2d at 545.

3. The city has also argued Lynch failed to preserve error on the issue of Joseph Cerruto's (Commander of the Police Air Support

## II. Scope of Review

We review the district court's grant of judgment notwithstanding the verdict for correction of errors at law. Iowa R.App. P. 6.4; *Gibson v. ITT Hartford Ins. Co.*, 621 N.W.2d 388, 391 (Iowa 2001). We determine whether substantial evidence exists to support each element of the plaintiff's claim, justifying submission of the case to the jury. *Id.* In doing so, we review the evidence in the light most favorable to the non-moving party. Iowa R.App. P. 6.14(f)(2); *Gibson*, 621 N.W.2d at 391. We review the trial court's exclusion of a requested jury instruction for correction of errors at law. Iowa R.App. P. 6.4; *Duncan v. City of Cedar Rapids*, 560 N.W.2d 320, 325 (Iowa 1997).

## III. The Merits

On appeal, we consider two main issues. First, we must determine whether Iowa Code section 670.12 permits a municipal employee to sue a co-employee for simple negligence. We also consider whether the trial court erred in failing to give the requested spoliation jury instruction.

### A. Iowa Code section 670.12 Immunity

█ Iowa Code chapter 670 contains our provision for governmental immunity. The code makes clear that liability is the rule and immunity the exception. *See* Iowa Code § 670.2; *Doe v. Cedar Rapids Cmty. Sch. Dist.*, 652 N.W.2d 439, 443 (Iowa 2002). This liability is limited to the extent that a municipality shall be immune for any claim against it as to which the municipality is immune from liability under

the provisions of any other statute or where the action is based upon a claim that has been barred or abated by operation of statute or rule of civil procedure. Iowa Code § 670.4(4). Another provision of the code addresses the issue of whether a municipal employee may be sued for injuries caused as a result of the performance of municipal duties. Iowa Code section 670.12 provides,

> All officers and employees of municipalities are not personally liable for claims which are exempted under section 670.4, except claims for punitive damages, and actions permitted under section 85.20. An officer or employee of a municipality is not liable for punitive damages as a result of acts in the performance of a duty, unless actual malice or willful, wanton and reckless misconduct is proven.

*Id.* § 670.12. The question then is whether the claim Lynch has brought against his co-employees is a claim he could maintain against the municipality itself under section 670.4.

We have before examined the effect these code provisions have on a party's ability to maintain a simple negligence suit against a municipality. In *Goebel v. City of Cedar Rapids*, 267 N.W.2d 388 (Iowa 1978), we determined whether persons who receive benefits under chapter 411 are barred from maintaining a tort action against a city based upon the same injury. We answered in the affirmative.

In that case, plaintiffs received disability benefits under chapter 411. The purpose of this chapter is to "provide an orderly means for police officers and fire fighters

---

Unit for the City of Cedar Rapids) liability. The city contends Lynch did not comply with Iowa Rule of Appellate Procedure 6.14(1)(c) requiring a party to state, argue, or cite authority in support of an issue or the issue may be deemed waived. Iowa R.App. P.

6.14(1)(c). Because we find the city is immune from simple negligence and the jury did not find gross negligence, it is not necessary for us to address this error preservation argument on appeal.

to have a retirement system which will provide for the payment of pensions to ... members incurring disability...." Iowa Code § 411.1A. Goebel attempted to sue the city for damages in addition to the benefits he was already receiving under chapter 411. The City of Cedar Rapids argued it was immune from liability under Iowa Code chapter 670. The city asserted the claims fell within one of the exceptions to the general rule of liability contained in section 670.4

We noted the general rule of municipal liability is not intended to abrogate immunity established by other statutes. Bearing in mind section 670.4, we addressed chapter 411 benefits. Under this chapter, comprehensive disability benefits are provided. The city pays the full cost of hospital, nursing, and medical attention for job-related injuries. *Id.* § 411.15. We compared chapter 411 benefits to those available under workers' compensation. Chapter 411 and workers' compensation benefits "serve equivalent purposes and are mutually exclusive." *Goebel*, 267 N.W.2d at 390. We reasoned that workers' compensation is the exclusive remedy for the employee against the employer. *Id.* By analogy, we concluded, "the legislature intended that the provisions of chapter 411 constitute an exclusive remedy for covered persons against a municipality." *Id.* at 392.

Lynch argues our holding in *Goebel* is no longer good law because of subsequent statutory amendments. The changes to chapter 411 since *Goebel* include: (1) the system is now administered by a single statewide agency; (2) members contribute more and receive greater benefits; (3) pension allowance has increased; (4) the city contributes more; and (5) pension and annuity funds have been combined. We find none of these changes sufficiently

compelling to find *Goebel* should be overruled.

■■■■ We also note that since our *Goebel* decision in 1978, the legislature has not responded by amending chapter 411 to state explicitly that benefits received pursuant to it are not an exclusive remedy. In general, it is the legislature's duty to declare the law and the court's responsibility to interpret the law. *See Slockett v. Iowa Valley Cmty. Sch. Dist.*, 359 N.W.2d 446, 448 (Iowa 1984). The legislature enacted section 613A.4(4) (renumbered as section 670.4 in Iowa Code (1993)) and we interpreted it in *Goebel*. Twenty-five years later, the legislature still has not amended the law in such a way as to supersede our decision. Rather, the statutory language has remained the same since 1978. Because the "legislative branch is not required to live with a judicial interpretation of a statute," we assume our holding in *Goebel* was and remains consistent with legislative intent. *See Miller v. Westfield Ins. Co.*, 606 N.W.2d 301, 308 (Iowa 2000) (Cady, J., dissenting). We interpret the legislature's failure to respond as a "tacit approval of our decision." *See Drahaus v. State*, 584 N.W.2d 270, 276 (Iowa 1998). We decline to overrule *Goebel.*

After *Goebel*, the law was settled regarding a municipality's immunity from suit where the injured employee received chapter 411 benefits. Four years after *Goebel*, our legislature expanded upon a related issue—individual liability of municipal employees. It added section 670.12 to the Municipal Tort Claims Act which provides:

All officers and employees of municipalities are not personally liable for claims, which are exempted under section 670.4, except claims for punitive damages, and actions permitted under section 85.20. An officer or employee of a municipality

is not liable for punitive damages as a result of acts in the performance of a duty, unless actual malice or willful, wanton and reckless misconduct is proven. Iowa Code § 670.12. Section 670.12 states that municipal employees are immune to the extent a municipality would be immune under the same suit. Under *Goebel*, because Lynch is eligible to receive chapter 411 benefits, the city would be immune from suit brought against it by Lynch for negligence. Section 670.12 makes municipal employees liable only for claims of actual malice or willful, wanton, or reckless conduct. The language of section 670.12 is clear and unambiguous. Lynch may not sue his co-employees for simple negligence. The co-employees are only amenable to a suit for punitive damages based upon actual malice or willful, wanton and reckless misconduct or for gross negligence based upon section 85.20, in cases where the latter statute applies to municipal employees.

In sum, section 670.12 provides municipal employees are liable only to the extent the municipality is liable under section 670.4. Section 670.4 compels the conclusion that a municipality is immune from Lynch's suit. Section 670.12 requires the same result as to municipal co-employee liability. Given our interpretation of sections 670.12 and 670.4 and consistent with our holding in *Goebel*, we find the district court was correct in entering a judgment notwithstanding the verdict based upon the co-employees' immunity from suit.

## B. Spoliation Jury Instruction

■ On appeal, Lynch argues his ability to prove gross negligence was frustrated because the trial court failed to properly instruct the jury on inferences that may be drawn from the destruction and alteration of evidence. Lynch argues the trial court prevented him from proving gross negligence.[4] Lynch complains that before the trial began, city employees destroyed parts of the helicopter from the first crash and replaced the lower forward fairings on the city's three other active Model 269A helicopters, including the helicopter in which Lynch ultimately crashed. Lynch argues that if the court had instructed on the spoliation issue, the jury would have found gross negligence. He argues the trial court's failure to give a spoliation instruction constituted error. The city contends Lynch did not preserve error on this issue.

Based on the destruction of parts of the helicopter from the first crash and the replacement of parts on the helicopter in which Lynch later crashed, Lynch requested the trial judge to include the following spoliation instruction:

> You are instructed that under the law of Iowa, if a party intentionally spoils or disposes of evidence to prevent its use against them, a strong presumption arises that if the evidence had not been destroyed or altered the information which could have been obtained from the destroyed or altered evidence would have been adverse to the party or parties destroying or altering it. . . .

The judge refused to give this instruction and Lynch offered a revised instruction stating the following:

> If you find that Defendants knowingly and intentionally destroyed evidence— destroyed the air filter housing ... then

---

4. We have not been presented with the question of whether gross negligence is available as a cause of action against co-employees under chapter 411, similar to allowing recovery for gross negligence against a co-employee under chapter 85 workers' compensation. *See* Iowa Code § 85.20(2) (statutorily allowing a cause of action for gross negligence under workers' compensation).

you may, but you are not required to find they did so knowing that the evidence would be unfavorable to the Defendants.

The court refused to give this instruction noting that it was an inaccurate statement of the law and was not appropriate under the facts of the case. Lynch objected stating,

> Plaintiffs object and except to the court's failure to give Plaintiffs' proposed Instruction No. 20 and Plaintiffs' revision to their revised proposed Jury Instructions . . ., the instruction on spoliation of evidence. Plaintiffs further object and except to the court's failure to give the proposed revised spoliation of evidence instruction consisting solely of the first two paragraphs of their proposed Instruction No. 20 on spoliation of evidence.

The court instructed the jury regarding the issues of simple negligence and gross negligence as follows:

> Plaintiffs have claimed that Defendants Alan Gross, John Saddler, and Joseph Cerruto were grossly negligent. In order to prevail on this theory against any Defendant, the Plaintiff must prove all of the following numbered propositions with regard to such Defendant:

> 1. The Defendant was grossly negligent . . . in engaging in one or more of the acts and omissions described in . . . instruction 17.

> 2. The gross negligence was a proximate cause of damage to the Plaintiff.

> 3. The amount of damage.

The court instructed the jury could find each of the defendants grossly negligent if each defendant discarded equipment when the city was expressly requested to preserve it.[5] Lynch did not object to the jury instruction the court ultimately submitted. *See* Iowa R. Civ. P. 1.924 ("[A]ll objections to giving or failing to give any instruction must be made . . . specifying the matter objected to and on what grounds.").

■ In Lynch's only objection to the court's refusal to give a spoliation instruction, Lynch did not specify the grounds for his objection. He did nothing more than state his objection to the court's failure to give the requested instruction. Iowa Rule of Civil Procedure 1.924 provides when a party objects to giving or failing to give a jury instruction, the party must specify the matter objected to and on what grounds. Iowa R. Civ. P. 1.924. This rule requires an objection " 'sufficiently specific to alert the trial court to the basis of the complaint

---

**5.** Although Lynch's revised instruction may not be an accurate reflection of the law, the trial court in essence instructed the jury on a cause of action for gross negligence based upon the destruction of evidence. Specifically, jury instruction number seventeen provided, in part:

> Plaintiffs claim Defendants Alan Gross, John Saddler, and Joseph Cerruto were at fault by being negligent. . . . To prevail on this theory . . . Plaintiffs must prove all of the following numbered propositions with regard to each Defendant:
> 1. Defendant was at fault. In order to prove fault, Plaintiffs must prove that one or more of the Defendants engaged in one or more of the following:

. . .

> j. Discarding the air filter housing from N7052A when expressly requested to preserve it, and discarding the air filter housing from the three other 269A model helicopters still in operational use; . . .

When the court instructed the jury on gross negligence, it referred to the fifteen allegations of negligence contained in instruction number seventeen, including subsection "j" addressing the destruction of evidence. Therefore, the jury could have found the defendants liable for gross negligence on numerous grounds, including the defendants' destruction and alteration of the air filter housing.

so that if error does exist the court may correct it before placing the case in the hands of the jury.'" *Boham v. City of Sioux City,* 567 N.W.2d 431, 438 (Iowa 1997) (quoting *Moser v. Stallings,* 387 N.W.2d 599, 604 (Iowa 1986)). Lynch's general objection made to the court's failure to give the requested instruction did not alert the trial court to the arguments made on appeal. The objection had nothing to do with Lynch's argument that the spoliation instruction was necessary to prove gross negligence. Because Lynch did not adequately identify the grounds of his objection, he did not preserve error on this issue.

▇▇▇ Even if Lynch had preserved error, his spoliation argument would still fail. Evidence of spoliation may allow an inference that "a party who destroys a document with knowledge that it is relevant to litigation is likely to have been threatened by the document." *Phillips v. Covenant Clinic,* 625 N.W.2d 714, 718 (Iowa 2001) (citing *Beil v. Lakewood Eng'g & Mfg. Co.,* 15 F.3d 546, 552 (6th Cir.1994)). Such inference may only be drawn when the destruction of relevant evidence was intentional, as opposed to merely negligent or the evidence was destroyed as the result of routine procedure. *Id.* at 719. In the case before us, Lynch is not entitled to a spoliation instruction unless he can show both intentional destruction and control of the evidence. *Id.* "A spoliation inference should be utilized prudently and sparingly." *Id.* at 720 (citing *Crosser v. Iowa Dep't of Pub. Safety,* 240 N.W.2d 682, 685 (Iowa 1976)).

The facts before us show it is not clear whether the city employees intentionally destroyed the evidence with knowledge it was relevant to this litigation. The destroyed evidence itself was from the first helicopter crash, not the crash which is the subject of this appeal. The evidence was destroyed only after the National Transportation Safety Board and Federal Aviation Administration had investigated the crash and filed reports regarding the cause of the first crash. There is no evidence the city had knowledge that a second wreck was to come. Similarly, there is no evidence the city employees replaced the air filter housings in the three other helicopters out of concern that the old equipment would be used against them to prove liability for the crash. The parts were replaced months after the first crash and it appears a repair station work order was filled out for each helicopter that had replacements. Because Lynch cannot prove intentional destruction or alteration of the helicopter parts, a spoliation instruction is not warranted under the circumstances.

## IV. Conclusion

We hold municipal employees and officers are immune from those claims that are exempted under Iowa Code section 670.4. Section 670.4 would immunize the City of Cedar Rapids from Lynch's negligence suit. As such, Lynch's co-employees are likewise immune from liability for simple negligence. We reaffirm our holding in *Goebel.* Even if Lynch had preserved error on the spoliation issue, such an instruction was not justified because the facts do not support a finding of intentional destruction or alteration of evidence. We affirm the trial court's refusal to specifically instruct the jury on the issue of spoliation. Our holding renders it unnecessary for us to address the propriety of the trial court's grant of a conditional new trial for damages. We affirm.

**AFFIRMED.**