# IN THE COURT OF APPEALS OF IOWA

No. 18-1399
Filed July 24, 2019

**CASSANDRA RENA McCONKEY ON BEHALF OF B.M.,**
    Plaintiff-Appellant,

**vs.**

**KEVIN CHARLES HUISMAN,**
    Defendant-Appellee.
_____

Appeal from the Iowa District Court for Boone County, Steven J. Oeth, Judge.

The mother of a child appeals the district court's denial of her petition for relief from sexual abuse filed on behalf of the child against the child's father. **REVERSED AND REMANDED.**

Nicole S. Facio of Newbrough Law Firm, LLP, Ames, for appellant.

Joseph R. Cahill of Cahill Law Offices, Nevada, for appellee.

Considered by Vaitheswaran, P.J., Vogel, S.J.,* and Gamble, S.J.*

*Senior judges assigned by order pursuant to Iowa Code section 602.9206 (2019).

**VAITHESWARAN, Presiding Judge.**

A mother of a child appeals the district court's denial of her petition for relief from sexual abuse, filed on behalf of the child against the child's father. She contends (1) she met her burden of proving that the father sexually abused the child and (2) the district court should have excluded the father's expert witness. We find the second issue dispositive.

## I.    *Background Facts and Proceedings*

Cassandra McConkey gave birth to a child in 2013. When the child was five years old, McConkey filed a petition for relief from sexual abuse under recently-enacted Iowa Code chapter 236A (2018). She alleged the child made "concerning statements" about the child's father, Kevin Huisman, for "going on three years." She requested an emergency protective order, which the district court granted. The court scheduled a hearing.

Five days before the scheduled hearing, Huisman's attorney moved "to continue trial and for order providing for discovery and subpoenas." He asserted, "Discovery as contemplated by the parties cannot be completed given the current date of the hearing"; he expected "numerous witnesses requiring at least a day or more of testimony and evidence"; and it would be appropriate to schedule a trial-setting conference with the court administrator. A conference was scheduled, and the matter was set for trial close to five months later.

The day before trial, McConkey received Huisman's witness and exhibit list naming "Kamala London" as a witness and identifying her curriculum vitae as an exhibit. The nature of her testimony was not disclosed.

The same day, McConkey's attorney moved to exclude London's testimony. She alleged, "The attorney for [Huisman] sent an e-mail [four days earlier] indicating his client had retained an out of state witness and asking if [counsel for McConkey] would agree to have the witness testify by telephone." Counsel asked Huisman's attorney "if this witness was an expert witness." On receiving the witness and exhibit list, McConkey's attorney again asked if the witness was an expert. She did not receive a response. McConkey's attorney stated she lacked time to respond or conduct discovery and "[a]llowing expert testimony upon such short notice to the Petitioner" violated her "right to due process" and was "prejudicial."

Huisman's attorney filed a resistance. He noted that neither side complied with the initial disclosure requirements set forth in the rules of civil procedure and "[b]oth parties proceeded in this matter with the understanding that initial disclosures were not required in a [chapter] 236A proceeding."

At trial, McConkey's attorney again raised her motion to exclude London. She asserted, "[T]oday was the first day [Huisman's attorney] disclosed he was going to call an expert witness" and she was not "provided any kind of documentation about what this witness [was] going to testify about, what [she had] relied on in terms of her report or testimony today or any of the information that's described in th[e] [rule on experts]." Counsel also voiced her belief that "there is a higher level of expectation in disclosure that's required when we have expert testimony, and to kind of ambush a party with expert testimony . . . violate[d] [her] client's due process." Counsel asked to "either exclude this witness or continue this matter" to allow for "time to prepare and have methods available for discovery."

Huisman's attorney responded by again pointing to both parties' failure to comply with initial discovery disclosures and the inconsistency of requiring those disclosures in a chapter 236A proceeding.

The district court denied the motion to exclude the expert witness. The court reasoned that initial disclosures had never been required in this type of case. The court allowed McConkey's attorney to renew her motion to continue the trial after hearing the expert testimony and cross-examining the expert. Counsel did not seek a continuance.

Following trial, the district court found insufficient evidence of sexual abuse. The judge noted he was "impressed by the testimony of Dr. London." He commented, "Her testimony suggests that it is reasonable to doubt the reliability of [the child's] repeated comments" relating to sexual abuse.

McConkey appealed. The Iowa Supreme Court granted her request for a stay of the court's order.

Our review of a ruling on a motion to exclude an expert witness is for an abuse of discretion. *Preferred Mktg. Assocs. Co. v. Hawkeye Nat'l Life Ins. Co.*, 452 N.W.2d 389, 393 (Iowa 1990).

## II. Denial of Motion to Exclude Expert

Iowa Code section 236A.9 states: "A proceeding under this chapter shall be held in accordance with the rules of civil procedure, except as otherwise set forth in this chapter and in chapter 664A, and is in addition to any other civil or criminal remedy." Iowa Rule of Civil Procedure 1.500(1) requires initial disclosures of individuals having discoverable information, documents in the party's possession, damage computations, and the declarations pages of insurance agreements. Iowa

R. Civ. P. 1.500(1)(a). Specific types of actions require additional or alternative initial disclosures. *See* Iowa R. Civ. P. 1.500 (1)(b), (c), (d). In addition to those initial disclosures, a party is obligated to disclose information about experts who may be used at trial. Iowa R. Civ. P. 1.500(2). The manner of obtaining discovery of experts is set forth in Iowa Rule of Civil Procedure 1.508.

Although section 236A.9 makes the proceeding subject to civil disclosure and discovery requirements, the chapter also provides a narrow time-frame for hearing petitions for relief from sexual abuse. Specifically, a hearing shall be held not less than five days and not more than fifteen days after commencement of the proceeding and notice to the defendant. Iowa Code § 236A.6.

Huisman contends disclosure of experts is inconsistent with the abbreviated nature of chapter 236A proceedings. *Cf. Struve v. Struve*, ___ N.W.2d ___, ___, 2019 WL 2552988, at *4 (Iowa 2019) (concluding "civil discovery is not available under chapter 235F"). Certain proceedings are indeed exempt from initial disclosure requirements, including domestic abuse actions under Iowa Code chapter 236. *See* Iowa R. Civ. P. 1.500(1)(e)(4). But proceedings under Iowa Code chapter 236A are not expressly exempted.

Huisman characterizes the omission as an "oversight." We have no way of knowing. What we do know is that "the express mention of one thing implies the exclusion of others not so mentioned." *Homan v. Branstad*, 887 N.W.2d 153, 166 (Iowa 2016) (citation omitted); *see also* Iowa R. App. P. 6.904(3)(m) (requiring no legal citation for the proposition, "In construing statutes, the court searches for the legislative intent as shown by what the legislature said, rather than what it should or might have said"); *Struve*, ___ N.W.2d at ___, 2019 WL 2552988, at *5 (same);

*Goebel v. City of Cedar Rapids*, 267 N.W.2d 388, 393 (Iowa 1978) (Harris, J., dissenting) (acknowledging possible oversight but citing principle, "[T]he express mention of [one thing] implies exclusion of those remedies not mentioned"). Chapter 236A was not "so mentioned." Reading rule 1.500(1)(e)(4) as written and applying the cited rule of construction, parties to a 236A proceeding are arguably obligated to make the initial discovery disclosures set forth in Rule 1.500(1).

But we need not rest our decision on the omission of 236A proceedings from the exempt proceedings under rule 1.500(1)(e)(4). Assuming 236A proceedings are ordinarily summary proceedings that are inconsistent with disclosure and discovery obligations, this case was far from ordinary. As noted, Huisman moved for a continuance to allow time for discovery. The district court granted the motion and the court administrator set the matter for trial five months later. The proceeding was not summary. Huisman had ample time to make initial disclosures and comply with discovery.

If the language of rule 1.500(1)(e )(4) and the procedural posture of the case are insufficient grounds for disclosure of the expert, there remains Iowa Rule of Civil Procedure 1.500(2), titled "Disclosure of expert testimony." The rule states a party "must disclose" the identity of experts. The disclosure is "[i]n addition to the disclosures required by rule 1.500(1)." Iowa R. Civ. P. 1.500(2)(a).

We turn to the time for disclosure of the expert. Although the trial-setting order did not include a deadline for expert disclosures, Rule 1.500(2)(d)(1) provides expert disclosures, if not otherwise ordered, shall be made "[n]o later than 90 days before the date set for trial." The rule also requires supplementation. Iowa R. Civ .P. 1.500(2)(e). Supplementation is to occur "no later than 30 days before

trial. Failure to disclose or supplement the identity of an expert witness or the information described in rule 1.500(2) is subject to sanctions under rule 1.517(3)(a)." Iowa R. Civ. P. 1.508(3). Dr. London testified she was contacted "a couple months" before trial. Huisman had sufficient time to meet the thirty-day pretrial disclosure deadline.

We conclude Rule 1.500(2) placed a duty on Huisman to disclose his expert's name, her opinions, and materials on which she relied in reaching those opinions. We further conclude Rule 1.508(3) required the disclosure at least thirty days before trial. Finally, we conclude Huisman breached the duties owing under these rules.

As a fallback position, Huisman points out that "[n]either party complied with" the disclosure requirements and he should not be "held to a different standard than" McConkey. It is true that no formal initial disclosures were provided and no formal discovery was conducted. But, contrary to Huisman's assertion, McConkey informally disclosed the substance of her witnesses' testimony almost two months before trial. Those witnesses—a department of human services child protective worker, a forensic interviewer, the child's therapist, a police officer, and McConkey herself—were arguably fact witnesses rather than experts subject to the disclosure requirements of rule 1.500(2). *Cf. Beloved v. State,* No. 17-1908, 2019 WL 1300224, at *5 (Iowa Ct. App. March 20, 2019) (noting forensic interviewer served as an expert witness, not a fact witness). However the witnesses are characterized, McConkey filed exhibits associated with each of them. Huisman voiced no objection to McConkey's witnesses on grounds of surprise or ambush. *See Hagenow v. Schmidt*, 842 N.W.2d 661, 671 (Iowa 2014) ("[T]he duty to

supplement seeks to clarify issues prior to trial, avoid surprise to parties, and allow a complete opportunity to prepare for trial."), *overruled on other grounds* by *Alcala v. Marriott Int'l*, 880 N.W.2d 699, 708 n.3 (Iowa 2016); *Whitley v. C.R. Pharmacy Serv., Inc.*, 816 N.W.2d 378, 386 (Iowa 2012) ("Our rules of discovery exist to avoid the type of surprise that occurred in this case.").

We turn to the question of whether McConkey was prejudiced by the absence of these disclosures. *See Klein v. Chi. Cent. & Pac. R. R.,* 596 N.W.2d 58, 61 (Iowa 1999) ("Exclusion of evidence is the most severe sanction available under the rule, and is justified only when prejudice would result. Exclusion should not be imposed lightly; other sanctions are available such as continuation of the trial or limitation of testimony." (citations omitted)); *Hum v. Ulrich*, 458 N.W.2d 615, 618 (Iowa Ct. App. 1990). McConkey argues the district court's reliance on Dr. London's testimony in denying her petition establishes prejudice. Huisman responds that there was no prejudice because the district court afforded McConkey the opportunity to request a continuance.

We conclude McConkey was prejudiced by the absence of pretrial disclosures about the substance of Dr. London's expected testimony. Without advance notice of her opinions, McConkey had no ability to delve into the studies and theories Dr. London cited in support of her view that the interview techniques used to question the child were unreliable. A continuance after she testified would not have mitigated her inability to intelligently question Dr. London about the bases for her opinions. In short, Huisman's failure to disclose his expert pursuant to rule 1.500(2) deprived McConkey of an opportunity to conduct expert witness discovery under Iowa Rule of Civil Procedure 1.508. *Cf. Preferred Mktg. Assocs.*, 452

N.W.2d at 393 (affirming decision not to exclude belatedly-designated witness where district court required party to make the witnesses available to the other party before he testified and allow the party "whatever time it needed to talk with the witness"); *Hum*, 458 N.W.2d at 618 (finding no prejudice from belated disclosure of certain expert opinions where "[a]ny delay in discovering the conclusions of the expert was due to Ulrich's lack of care," responses to interrogatory requests were timely filed, and court offered a continuance to prepare a response, which was declined). The severe sanction of exclusion of the expert is justified based on the failure to afford McConkey time to conduct discovery and prepare for cross-examination of the belatedly-disclosed expert.

Given the prejudice to McConkey of Huisman's expert non-disclosure, we reverse and remand for a new trial on McConkey's petition for relief from sexual abuse. As noted, the district court relied on Dr. London's testimony in denying the petition. A new trial is necessary in light of the court's reliance on the testimony without the benefit of cross-examination that might have cast doubt on her ultimate opinions. In light of our conclusion, we need not address McConkey's embedded assertion that "Dr. London's opinion and testimony on the credibility of [the child's] statements amounted to improper vouching testimony under *State v. Dudley*, 856 N.W.2d 668, 676–77 (Iowa 2014)."

### III.  *Attorney Fees*

McConkey requests district court and appellate attorney fees of $5000 and $3500 respectively. Iowa Code section 236A.7(4) allows a district court to "order

that the defendant pay the plaintiff's attorney fees and court costs." We remand for a hearing on the reasonableness of McConkey's fee request.

**REVERSED AND REMANDED.**